■ LEONARD SMITH, INC., et al., Appellants, v MERRILL LYNCH, PIERCE, FENNER AND SMITH, Respondent, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered February 23, 1984 in Albany County, which granted defendant Merrill Lynch, Pierce, Fenner and Smith's motion for summary judgment dismissing the complaint.

Lawrence Smith, as trustee of plaintiff corporate employee benefit plan and trust (plaintiff), established an investment account with defendant, Merrill Lynch, Pierce, Fenner and Smith (Merrill Lynch) in December, 1980. On March 23, 1981, Smith contacted Merrill Lynch to arrange the transfer of $200,000 from the account to Guardian Life Insurance Company (Guardian Life). Merrill Lynch's account executive advised

Smith of Merrill Lynch's policy requiring written authorization for such a transfer. The following day Smith presented a letter to Merrill Lynch directing it to issue a check payable to Guardian Life and to give the check to the bearer of the letter, Smith. It is undisputed that Smith was acting within his authority as trustee of plaintiff.

In accordance with these written instructions, Merrill Lynch issued a check drawn on its account with defendant Chase Manhattan Bank. Smith thereafter delivered the check to one Robert Spuck, who had represented himself to Smith as an agent of Guardian Life and had convinced Smith of the wisdom of investing in that company. Unfortunately, Spuck was not an agent of Guardian Life and he did not forward the check to that company. Instead, he indorsed the check by signing "Guardian Life Insurance Co." and deposited the proceeds in an account he maintained at defendant Marine Midland Bank under the name "Robert A. Spuck Agency d/b/a/ Guardian Life Insurance". The check, with the indorsement of Marine Midland Bank, was thereafter transmitted through the Federal Reserve Bank system for collection and was accepted for payment by Chase Manhattan Bank. The proceeds of the check have disappeared.

Seeking to recover its lost funds, plaintiff commenced the instant action against Merrill Lynch and the depository and payee banks. Special Term granted Merrill Lynch's motion for summary judgment dismissing the complaint against it, and this appeal ensued.

The basic claim asserted in the complaint against Merrill Lynch is that since the $200,000 from plaintiff's investment account with Merrill Lynch was never delivered to Guardian Life, which was contrary to plaintiff's intent, Merrill Lynch improperly debited plaintiff's account in that amount. The legal theory or theories underlying this claim are unclear, but plaintiff's arguments on appeal seek to characterize the transaction as an attempted assignment of funds by Merrill Lynch to Guardian Life. Thus, plaintiff theorizes, since the assignment was incomplete due to the lack of delivery to the assignee, Guardian Life, the funds must be considered as remaining in the possession of the assignor, Merrill Lynch. This contention is meritless.

There is no proof in the record that the transaction was intended to be an assignment of plaintiff's funds by Merrill Lynch, as assignor, to Guardian Life. The check itself, drawn by Merrill Lynch, does not establish an assignment (Uniform Commercial Code, § 3-409, subd [1]). It is undisputed that Merrill Lynch, as custodian of plaintiff's funds in an investment account, was acting as plaintiff's agent, and there is nothing in the

record to indicate that Merrill Lynch had any present interest or right in the funds which it could assign. Rather, it is apparent that plaintiff retained control over its funds and was merely seeking to transfer custody of the funds for investment purposes. If an assignment was contemplated in this transaction, plaintiff was the assignor.

As plaintiff's agent, Merrill Lynch was under a duty to act with reasonable diligence in fulfilling its fiduciary obligation (*Barile v Wright*, 256 NY 1, 4). Included in this duty is the requirement that an agent obey all reasonable instructions and directions of the principal (3 NY Jur 2d, Agency, § 189, p 17). We find nothing in the record to indicate that Merrill Lynch breached this duty. Pursuant to the written instructions of plaintiff's trustee, Merrill Lynch issued the check and gave it to the trustee. Having proceeded in accordance with plaintiff's instructions, Merrill Lynch committed no impropriety (*Schnur v Mehl*, 75 AD2d 890, 891).

Plaintiff claims that its decision to transfer the funds was affected by the fraud and duress of Spuck, but there is no proof that Merrill Lynch participated, directly or indirectly, in the alleged wrongdoing of Spuck or that it was aware of, or should have been aware of, Spuck's involvement. As noted above, Merrill Lynch acted reasonably in accordance with plaintiff's instructions and, therefore, fulfilled its fiduciary obligation.

Finally, plaintiff asserts that Merrill Lynch's motion for summary judgment should have been denied since it might affect his rights vis-à-vis the depository bank. Special Term's order, however, affects only the causes of action in the complaint asserted against Merrill Lynch. The order should be affirmed.

Order affirmed, with costs to defendant Merrill Lynch, Pierce, Fenner and Smith. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.