■ ROBERT M. COSTELLO, Appellant-Respondent, v ONEIDA NATIONAL BANK AND TRUST COMPANY OF CENTRAL NEW YORK, Respondent-Appellant. — Order unanimously reversed, on the law, with costs to plaintiff, and plaintiff's motion granted. Memorandum: Special Term erred in denying plaintiff's motion for summary judgment. Plaintiff Robert M. Costello seeks the proceeds of two checks, one in the amount of $5,000 payable to "Robert M. Costello, dba Lincoln Laundry & Dry Cleaners" and the other in the amount of $18,000 payable to "Robert M. Costello dba Lincoln Laundry and Cleaners and Robert Dellecese." The $5,000 check was indorsed "Lincoln Ldy. and Dry Cleaners" and the $18,000 check was indorsed "Robert B. Dellecese". Both were stamped "Pay to the order of Oneida National

Bank & Trust Co. * * * Lincoln Laundry & Dry Cleaners, Inc.", and both were deposited in a checking account in the name of "Lincoln Laundry & Dry Cleaners, Inc." Plaintiff, who had formerly been president of the dry-cleaning establishment and had sold the business prior to the depositing of these checks, brought this action against the depository bank, alleging that it had no authority to negotiate the checks. We agree.

The check for $5,000 was negotiated by defendant on an unauthorized indorsement, and the bank is liable to plaintiff for the face amount (see, Uniform Commercial Code § 3-419). The check for $18,000 could not be negotiated without the signatures of both plaintiff and Mr. Dellecese (see, Uniform Commercial Code § 3-116 [b]).

We find no triable issue with respect to defendant's contention that its actions in negotiating the checks were commercially reasonable (see, Uniform Commercial Code § 3-419 [3]) because of a depositary resolution (which remained unrevoked after plaintiff sold the business) under which plaintiff was authorized to "deposit into and withdraw funds from" the account of Lincoln Laundry & Dry Cleaners, Inc. The checks here are payable not to the corporation but to plaintiff as an individual and could not be negotiated without his indorsement. Accordingly, plaintiff is entitled to summary judgment against the bank. Defendant's cross motion for summary judgment was properly denied. (Appeals from order of Supreme Court, Oneida County, Lawton, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and O'Donnell, JJ.