LEONARD SMITH, INC., et al., Respondents, v MERRILL LYNCH, PIERCE, FENNER AND SMITH, Defendant, MARINE MIDLAND BANK, N. A., Appellant-Respondent, and CHASE MANHATTAN BANK, N. A., Respondent-Appellant.

Third Department, December 5, 1985

## APPEARANCES OF COUNSEL

*Noonan, Troue, Gutermuth & O'Connor (Robert J. Rock* of counsel), for appellant-respondent.

*Lee, LeForestier, Malone & Hanft, P. C. (David R. Murphy* of counsel), for respondent-appellant.

*Taub & Starrs (John Starrs* of counsel), for respondents.

## OPINION OF THE COURT

CASEY, J.

Pursuant to plaintiffs' written instructions concerning an investment account, defendant Merrill Lynch, Pierce, Fenner and Smith (Merrill Lynch) issued a check drawn on its account with defendant Chase Manhattan Bank, N. A. (Chase) payable to Guardian Life Insurance Company (Guardian Life), which was delivered to one Robert Spuck, who had represented himself to plaintiffs as an agent of Guardian Life. Spuck indorsed the check by signing "Guardian Life Insurance Co." and deposited the proceeds in an account he maintained at defendant Marine Midland Bank, N. A. (Marine Midland) under the name "Robert A. Spuck Agency d/b/a Guardian Life Insurance". The check, with the indorsement of Marine Midland, was thereafter transmitted through the Federal Reserve Bank system for collection and was accepted for payment by Chase. The proceeds of the check have disappeared.

Seeking to recover their lost funds, plaintiffs commenced this action against Merrill Lynch, Chase as the payee bank

and Marine Midland as the depositary bank. On the theory that Merrill Lynch, the drawer of the check, was acting as plaintiffs' agent and that Merrill Lynch committed no impropriety since it proceeded in accordance with plaintiffs' instructions, this court recently affirmed an order granting the motion of Merrill Lynch for summary judgment dismissing the complaint against it (107 AD2d 902). Motions by Marine Midland and Chase for summary judgment dismissing the complaint against them were denied by Special Term and these appeals ensued.

The parties to the prior appeal conceded that Spuck lacked the authority to accept investment funds on behalf of Guardian Life and to indorse the check on behalf of Guardian Life, prompting this court to observe that "Spuck was not an agent of Guardian Life" (107 AD2d 902, 903, *supra*). The records in these appeals reveal that plaintiffs have alleged in their complaint and their motion papers that Spuck was not authorized to act on behalf of Guardian Life, the payee of the check drawn by Merrill Lynch. Neither Marine Midland nor Chase has claimed, either in the motion papers submitted to Special Term or in the briefs to this court, that Spuck had the authority to make Guardian Life's signature on the check *(see,* UCC 3-403).* On the contrary, all parties concede that Spuck was the actual wrongdoer, with the dispute centering on the rights and liabilities arising out of the subsequent transactions. Since the parties have proceeded on the assumption that Spuck lacked the authority to make the indorsement, the case should be decided on the theory adopted by the parties *(Martin v City of Cohoes,* 37 NY2d 162). In any event, as the moving parties, Marine Midland and Chase bore the burden of producing all the evidence within their ken, as upon a trial *(e.g., Bank of Smithtown v Beckhans,* 90 AD2d 508). With respect to the factual issue found by the dissent, not only have Marine Midland and Chase failed to meet this burden, they have also failed to claim in their motion papers and briefs on appeal that such factual issues exist.

Since Spuck's signature on behalf of Guardian Life was unauthorized, it was "wholly inoperative" as that of Guardian Life (UCC 3-404 [1]). There is no evidentiary proof in these records that any negligence on the part of plaintiffs or their

---

* Marine Midland alleged in its answer that the instrument was "genuine and/or authorized", but the claim has not been pursued. In any event, we are granting summary judgment to Marine Midland, and Chase's answer contains no allegation that Spuck's indorsement was authorized.

agent substantially contributed to the making of the unauthorized signature (see, UCC 3-406). Nor was Spuck's signature effective under the imposter provisions of UCC 3-405 (1) (a) since he was not an imposter (UCC 3-405, Comment 2). Nor was he an agent of the drawer (see, UCC 3-405 [1] [c]).

Plaintiffs' claims against Marine Midland and Chase are based upon the rights of plaintiffs' agent, Merrill Lynch, the drawer of the check. Turning first to Chase, the drawee, the general rule governing the responsibility of a bank to its customers requires that:

"absent contrary instruction or legislative exception, when a drawer issues a check in the name of a particular payee, the drawee bank is to apply funds from the drawer's account to its payment only upon receiving the payee's authorized indorsement * * *

"It follows that, in the typical case in which payment is made on a check that is not properly payable * * * the payment is deemed to have been made solely from the funds of the drawee bank rather than from those of its depositor" (Merrill Lynch, Pierce, Fenner & Smith v Chemical Bank, 57 NY2d 439, 444).

As noted above, the parties do not claim that Spuck was authorized to make Guardian Life's signature (see, UCC 3-403) and, therefore, his signature on behalf of Guardian Life, the payee, was "wholly inoperative" (UCC 304-4 [1]). Applying the general rule set forth above to the circumstances herein, it is clear that Chase, the drawee bank, improperly charged the drawer's account for its payment of the check which lacked the authorized signature of the payee. Chase had no instructions limiting or obviating this general rule; nor is any legislative exception applicable.

Relying upon Spielman v Manufacturers Hanover Trust Co. (60 NY2d 221), Chase maintains that the depositary bank, Marine Midland, and not Chase, is liable to plaintiffs. In Spielman, however, the forged indorsement of the drawer's agent was effective (see, UCC 3-405 [1] [c]) and, therefore, the drawee bank did not act wrongfully in honoring it. Since Spuck's signature on behalf of Guardian Life was not effective, Chase did not act properly in honoring the check and was not relieved of liability. Similarly, there is no basis for Chase's claim that it was relieved of liability by Marine Midland's breach of warranty concerning the genuiness of the indorsement (see, UCC 3-417, 4-207).

In determining plaintiffs' claims against Marine Midland, the depositary bank, consideration must be given to the decision in *Underpinning & Found. Constructors v Chase Manhattan Bank* (46 NY2d 459), wherein the court discussed "[w]hether the drawer of a check has any cause of action against a depositary bank which wrongfully pays on the check * * * a question which has long divided the courts" *(supra,* at p 463). Prior to the enactment of the UCC, the drawer apparently had no such cause of action in this State and "[t]he code itself contains nothing which directly or specifically changed this rule" *(supra,* at p 463). The court expressed the view that the rule should be reconsidered in light of other changes made by the Code, but noted that courts in other States that have reconsidered the issue have not been unanimous in either result or rationale *(supra,* at p 464). After discussing the rationale for the pre-Code rule in New York *(supra,* at pp 464-465), the court stated that "[w]hatever the intrinsic validity of these arguments in the typical forged indorsement case in which the forged instrument is 'wholly inoperative' * * * the applicable considerations change when the indorsement, although forged, is yet effective" *(supra,* at p 465). Following a discussion of the "applicable considerations", which involved the right of the drawee bank to charge the drawer's account, the court concluded that "it is only in those comparatively rare instances in which the depositary bank has acted wrongfully and yet the drawee has acted properly that the drawer will be able to proceed directly against the depositary bank" *(supra,* at p 466). Since the drawee bank, Chase, did not act properly in honoring the check, this case is not one of those "comparatively rare instances" and plaintiffs cannot proceed directly against Marine Midland, the depositary bank.

Nor can Marine Midland be liable directly to plaintiffs for its breach of warranties. In addition to being a depositary bank (UCC 4-105 [a]), Marine Midland was also a collecting bank (UCC 4-105 [d]) and, as such, it owed certain warranties upon transfer of the check for consideration (UCC 4-207 [2]). These transfer warranties, however, were owed to the "transferee and to any subsequent collecting bank who takes the item in good faith" (UCC 4-207 [2]). There is no basis for extending these warranties to plaintiffs, who are asserting the rights of the drawer *(see,* 5 Hawkland, Leary & Alderman, UCC Series § 4-207:12). As a prior collecting bank, Marine Midland also owed the presentment warranties of UCC 4-207 (1). These warranties are owed to "the payor bank or other

payor who in good faith pays or accepts the item" (UCC 4-207 [1]). Since Chase, the drawee bank, paid the check, plaintiffs were not owed the presentment warranties *(see,* 5 Hawkland, Leary & Alderman, UCC Series § 4-207:05).

Based upon the foregoing analysis, we conclude that Marine Midland's motion for summary judgment dismissing the complaint against it should be granted, and plaintiffs are entitled to summary judgment against Chase despite the absence of any request for such relief *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111). This result has no effect on the rights and liabilities of the two banks vis-à-vis each other. The cross claims of Marine Midland and Chase are separate and distinct from plaintiffs' claims against them, and those cross claims were not the subject of a summary judgment motion by any party.

KANE, J. (dissenting). I would affirm since I do not find the matter ripe for the granting of summary judgment.

I agree with Special Term that issues of fact exist as to Robert Spuck's status, i.e., was he an "authorized or * * * an unauthorized agent". The fact that defendant Merrill Lynch, Pierce, Fenner and Smith (Merrill Lynch) conceded in the prior appeal (107 AD2d 902, 903) that Spuck was not an authorized agent of Guardian Life Insurance Company (Guardian Life) has no bearing on this case since neither of the banks involved here was a party to the prior appeal, which involved only Merrill Lynch's potential liability to plaintiffs. As noted by the majority, defendant Marine Midland Bank, N. A. (Marine Midland) alleged in its answer that the indorsement of Spuck was authorized. Despite the fact that Marine Midland does not argue this point on appeal, such failure should not serve as a basis for the granting of summary judgment to the nonmoving parties. Quite simply, Marine Midland and defendant Chase Manhattan Bank, N. A. (Chase) are moving for summary judgment based on the assumption that *even if Spuck were found after trial to be an unauthorized agent,* they would be entitled to judgment in their favor. In other words, Marine Midland and Chase never conceded that there is no issue of fact with respect to Spuck's status; the banks merely argued that questions of fact with respect to Spuck's status are not relevant, since whatever Spuck's status is found to be, they are not liable to plaintiffs. In this regard, if Spuck were found to be an authorized agent, the banks clearly would not be liable to plaintiffs.

A certificate from the State Insurance Department indicating that Spuck, as president of Suburban Consultants, Inc., was a licensed agent for Guardian Life during the period at issue, certainly creates an issue of fact with respect to the scope of Spuck's authority.*

Further, even if Spuck was not an authorized agent, questions of fact exist concerning the applicability of UCC 3-406 (see, 6 Anderson, Uniform Commercial Code § 3-406 [3d ed]; White and Summers, Uniform Commercial Code §§ 16-5, 16-6, at 625-630 [2d ed]). A review of the record reveals that there is little evidentiary proof concerning the issue of plaintiffs' negligence or lack thereof. Such condition of the record is explained again by the fact that it is Marine Midland and Chase here who are moving for summary judgment. Indeed, for purposes of the instant motions, Marine Midland and Chase take the position that they are entitled to summary judgment *even if plaintiffs were not negligent.* Thus, the parties never developed this issue in their argument before Special Term. Nevertheless, Chase argued before this court that under no circumstances could plaintiffs be granted summary judgment since questions existed with respect to plaintiffs' negligence. In fact, plaintiffs never moved for summary judgment or submitted any evidence supporting their position that they were not negligent. The drastic remedy of summary judgment should not be granted to the nonmoving, nonappealing parties here without further development of this issue (see, Siegel, NY Prac § 282, at 339; *see also, City Univ. v Finalco, Inc.,* 93 AD2d 792, 793).

Assuming, arguendo, that plaintiffs may not maintain a direct action against Marine Midland (*but see,* 7 Anderson, Uniform Commercial Code § 4-207:8, at 34-36 [3d ed]; 6 Anderson, Uniform Commercial Code § 3-404:6, at 146 [3d ed]; *cf.* White and Summers, Uniform Commercial Code § 15-5, at 601-603 [2d ed]), the majority's discussion of the above issue in this case is academic since Chase has interposed cross claims against Marine Midland. As the majority has found that no issues of fact exist and has awarded summary judgment to the nonmoving parties, I do not understand why it has declined to consider the cross claims. If there are no questions of fact, what is the purpose of remitting the cross claims?

---

* As agent, Spuck may have been authorized to make the indorsement (*see,* 29 NY Jur, Insurance, §§ 431-434, at 417-422; 30 NY Jur, Insurance, § 831, at 183-184).

I would therefore affirm and allow the matter to proceed to trial for resolution of all matters, including the cross claims.

MAHONEY, P. J., MAIN and HARVEY, JJ., concur with CASEY, J.; KANE, J., dissents and votes to affirm in an opinion.

Order denying motion of defendant Marine Midland Bank, N. A. reversed, on the law, with costs, motion granted and complaint dismissed as to defendant Marine Midland Bank, N. A.

Order granting motion of defendant Chase Manhattan Bank, N. A. for reargument modified, on the law, without costs, by adding thereto a provision granting summary judgment to plaintiffs against defendant Chase Manhattan Bank, N. A., and, as so modified, affirmed.