LEONARD SMITH, INC., et al., Plaintiffs, v MERRILL LYNCH, PIERCE, FENNER AND SMITH, Defendant, and CHASE MANHATTAN BANK, N. A., Respondent, and MARINE MIDLAND BANK, N. A., Appellant.

Third Department, July 16, 1987

## APPEARANCES OF COUNSEL

*Noonan, Troue, Gutermuth & O'Connor (Robert J. Rock* of counsel), for appellant.

*Lee & LeForestier, P. C. (Jill Nagy* of counsel), for respondent.

### OPINION OF THE COURT

MAIN, J. P.

The facts giving rise to this action, commenced by plaintiffs to recover for the wrongful payment of a negotiable instrument which contained a forged payee indorsement, are set forth in our previous decisions in this matter (107 AD2d 902; 113 AD2d 387, *appeals dismissed* 67 NY2d 755, 984, *lv dismissed and lv denied* 68 NY2d 661). The present appeal is from an order and judgment granting summary judgment to defendant Chase Manhattan Bank, N. A. (Chase), the drawee bank, on its cross claim against defendant Marine Midland Bank, N. A. (Marine), the depository bank. Marine contends that summary judgment was improper because all issues of fact have not been resolved. We disagree, and accordingly affirm.

Initially, Marine contends that Chase failed to prove that the indorsement on the negotiable instrument was not authorized. This court has specifically foreclosed this contention: in the second appeal before us, we stated that "[s]ince [Chase and Marine] have proceeded on the assumption that Spuck [the indorser] lacked the authority to make the indorsement, the case should be decided on the theory adopted by the parties" (113 AD2d 387, 389, *supra*). Thus, since the parties have been proceeding in this matter under the theory that the signature was not authorized, Marine cannot now be heard to say that Chase should show that the indorsement was not authorized *(cf., Martin v City of Cohoes,* 37 NY2d 162, 165-166).

Marine next contends that, assuming Spuck's indorsement was unauthorized, there are factual issues as to whether Spuck was an imposter or plaintiffs' agent; if he was an imposter or agent, his indorsement would have been effective

to negotiate the instrument and Marine would not have breached any warranty it owed to Chase. However, this court has specifically found that "Spuck's signature [was not] effective under the imposter provisions of UCC 3-405 (1) (a) since he was not an imposter * * * Nor was he an agent of the drawer" (113 AD2d 387, 390, *supra*). Thus, the very issues which Marine contends preclude summary judgment have already been determined by this court, and these findings are now law of the case (*see, Martin v City of Cohoes, supra,* at 165; Siegel, NY Prac § 448, at 593-594).

As a final factual issue, Marine asserts that Chase has failed to establish that Spuck, and not some other person, actually indorsed the instrument. However, the evidence submitted in support of the motion clearly supports an inference that Spuck indorsed the instrument, and Marine's argument that Spuck may not have indorsed is mere speculation unsupported by any evidence, and thus is insufficient to defeat a motion for summary judgment (*see, Babcock v Allan,* 115 AD2d 297).

Even if no factual issues in this regard remain, Marine also asserts that Chase has failed to demonstrate that Marine breached any warranties it owed to Chase. We disagree. Marine, as the depository bank, clearly owed transfer warranties to Chase, the drawee bank (*see,* UCC 4-207). As Marine itself notes, the breach of a transfer warranty is established by a showing that the indorsement on a negotiable instrument is unauthorized and ineffective. Since this has been established in this action previously, it follows that Marine did breach its warranty to Chase. To the extent that Marine contends that losses resulting from payment by a drawee bank on a forged instrument must be borne by the drawee bank, we note that that rule's application is limited to actions between the drawer and the drawee; it does not apply to actions by the drawee bank against parties further back in the chain of negotiation, such as the depository bank. To find otherwise would fly in the face of the clear purpose of UCC 4-207, i.e., to shift the loss to the party who first took the negotiable instrument from the forger (*see,* White and Summers, Uniform Commercial Code § 15-1, at 581 [2d ed]).

Finally, Marine contends that Chase is precluded from asserting its cross claim against Marine because Chase, as the drawee bank, had valid defenses against plaintiffs which it failed to assert (*see,* UCC 4-406 [5]). In particular, Marine claims that Chase should have asserted that Spuck's indorsement was genuine or authorized and that plaintiffs' negligence

contributed to an unauthorized indorsement. The first claimed defense, that the indorsement was genuine or authorized, is not a defense which need be asserted to avoid preclusion. Under UCC 4-406, a payor bank may be precluded from recovering against another party in the chain of negotiation if it fails to assert against its customer certain defenses enumerated in that section. The defense that the indorsement was genuine or authorized is not a defense enumerated in UCC 4-406; thus, Chase's failure to assert this defense does not preclude its claim against Marine. The second claimed defense, that plaintiffs' negligence contributed to the unauthorized indorsement, could not have been validly asserted by Chase against plaintiffs under UCC 4-406. That section imposes upon a bank customer the duty to examine its statement of account "to discover his unauthorized signature or any alteration on an item" (UCC 4-406 [1]). The section does not impose a duty on the customer to discover an unauthorized indorsement;* indeed, in many situations, the customer would have no way of knowing that an indorsement was unauthorized. At any rate, since negligence in a customer's failure to discover and/or report an unauthorized indorsement is not a defense specified in UCC 4-406, Chase's failure to assert this defense cannot serve to preclude its claim against Marine.

MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order and judgment affirmed, without costs.

---

* We note that a customer who does have notice that something is wrong with an indorsement does have a duty to exercise reasonable care and to notify the bank (see, UCC 4-406 comment 6).