OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiffs, the drawers of a number of checks, commenced an action against Citibank, contending that, while acting in its capacity as depositary bank, Citibank had improperly collected their checks in the absence of the named payee’s indorsement. Prior to trial, Citibank moved to dismiss the complaint against it, contending that a depositary bank could not be held liable to a drawer of a check, except in certain limited circumstances not present here. That motion was denied. On appeal, however, the Appellate Division reversed and dismissed the complaint against Citibank.
This case falls squarely within the general rule that a drawer does not have a direct cause of action against a depositary bank for collecting an improperly indorsed check (see, Prudential-Bache Sec. v Citibank, 73 NY2d 263, 272; Spielman v Manufacturers Hanover Trust Co., 60 NY2d 221, 224; Underpinning & Found. Constructors v Chase Manhattan Bank, 46 NY2d 459, 464-466). Contrary to plaintiffs’ contention, the rationale underlying this rule is not limited to situations where the payee’s name is forged, but instead applies whenever a check is ineffectively indorsed (see Underpinning, supra, at 464-466). Further, since it is undisputed that both Citibank and the drawee bank acted improperly, the narrow exception set forth in Underpinning (supra, at 466)— implicated when the depositary bank has acted wrongfully, yet the drawee has acted properly — is inapplicable.
Plaintiffs’ reliance on Costello v Oneida Natl. Bank & Trust *977 Co. (109 AD2d 1085, affd 66 NY2d 619) is likewise misplaced. That case involved a payee’s right to assert a direct action against a depositary bank under UCC 3-419. That section, however, does not give a drawer a similar right, nor does any other provision of the Code.
Finally, plaintiffs’ contention that Citibank is liable under UCC 4-207 (1) for breach of its transfer and presentment warranties is unavailing. Since plaintiffs, as drawers, do not constitute “other payors” within the intendment of that statute, they cannot claim the benefit of its warranties (see, Leonard Smith, Inc. v Merrill Lynch, Pierce, Fenner & Smith, 113 AD2d 387, 391-392, appeals dismissed 67 NY2d 755, 67 NY2d 984, lv denied 68 NY2d 661; 1 White & Summers, Uniform Commercial Code § 15-9, at 776-777 [Practitioner’s— 3d ed]).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.