■ RICHARD PARKER et al., Appellants, v JO E. FLORES, Defendant, and NORSTAR BANK OF UPSTATE NEW YORK, Respondent. [609 NYS2d 93] —In an action, *inter alia,* to recover damages for the wrongful acceptance by the defendant Norstar Bank of Upstate New York of stolen and forged checks, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated February 6, 1992, which granted the motion by the defendant Norstar Bank of Upstate New York for summary judgment dismissing the complaint insofar as it is asserted against it, and denied the plaintiff's cross motion for summary judgment.

Ordered that the order is modified, by deleting the provision thereof which granted the motion by the defendant Norstar Bank of Upstate New York for summary judgment dismissing the complaint insofar as it is asserted against it, and substituting therefor a provision denying the motion; as so modified,

the order is affirmed insofar as appealed from, without costs or disbursements.

In 1988 the plaintiff Richard Parker, the sole owner of the plaintiff Richard Parker Electric Contractors, Inc. (hereinafter Parker Electric), hired a secretary-bookkeeper. During her employment between April 1988 and December 1988 she allegedly stole 29 checks from Parker Electric by either forging the endorsement of the payee's name, forging Parker's signature on a Parker Electric check, or simply writing "For Deposit Only" and her account number on the check. She deposited these checks in her account at Norstar Bank of Upstate New York, where Parker Electric did not maintain an account.

The common law rule in New York remains unchanged by the enactment of the Uniform Commercial Code, which provides that except for specific limited circumstances, a drawer does not have a cause of action against a collecting bank for collecting an improperly endorsed check *(see, Horovitz v Roadworks of Great Neck,* 76 NY2d 975; *Prudential-Bache Sec. v Citibank,* 73 NY2d 263; *Spielman v Manufacturers Hanover Trust Co.,* 60 NY2d 221). The Court of Appeals created an exception to this rule in *Underpinning & Found. Constructors v Chase Manhattan Bank* (46 NY2d 459, 464-465), holding that the drawer may recover from the depositary in those "comparatively rare instances" when "the depositary [bank] has acted wrongfully and yet the drawee has acted properly" in honoring the check because the forgery is "effective."

We find that the plaintiffs have produced sufficient evidence in admissible form to establish the existence of a material issue of fact *i.e.,* evidence of the possibility that the inadequacy of some endorsements should have placed the bank on notice of an irregularity. Therefore, the Supreme Court erred by granting the defendant Norstar Bank of Upstate New York summary judgment. Thompson, J. P., Santucci, Friedman and Florio, JJ., concur.