■ 35 CITY ISLAND, LLC, Respondent, v BANCO POPULAR, Appellant, and NORTH FORK BANK, Respondent, et al., Defendants. [858 NYS2d 130]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered July 9, 2007, which, in an action for conversion of a check, granted plaintiff's motion for summary judgment on the issue of defendant-appellant depository bank's liability, and granted defendant-respondent payor bank's cross motion for summary judgment on its cross claim against appellant for indemnification, unanimously affirmed, with costs.

The subject check was made payable to "VeraWestin Restaurant Corp. dba Neptune Inn & 35 City Island Avenue LLC." The check was endorsed and deposited with appellant by a principal of VeraWestin, who absconded. The motion court correctly held that the check was a two-party check that required the endorsement of plaintiff as well as VeraWestin (UCC 3-116 [b]). We reject appellant's argument that the ampersand equally joined Neptune Inn and 35 City Island, LLC as one entity that reflected an assumed name for VeraWestin, or at least created an ambiguity in that regard such that its handling of the check satisfied reasonable commercial standards. "An assumed name shall contain no indicator of organizational form (*e.g.*, . . . limited liability company . . .)" (19 NYCRR 156.4 [c] [1]), and, if the check was ambiguous, appellant was required to treat it as a two-party check (*Kryten Iron Works v Ultra-Tech Fabrica-*

*tors*, 228 AD2d 416, 417 [1996]). To accept appellant's argument that its employees were not required to know that an assumed name may not contain any indicator of organizational form would encourage ignorance, rather than knowledge, of the law, which would be particularly inappropriate given the obligation of appellant to inspect the check for proper endorsement (*cf. Costello v Oneida Natl. Bank & Trust Co. of Cent. N.Y.*, 109 AD2d 1085 [1985], *affd* 66 NY2d 619 [1985]). The payor bank was properly awarded indemnification against appellant for breach of transfer warranties (UCC 4-207; *see Leonard Smith, Inc. v Merrill Lynch, Pierce, Fenner & Smith*, 129 AD2d 397, 399 [1987]). Concur—Saxe, J.P., Gonzalez, Nardelli and McGuire, JJ.