■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTS-BURGH, PA, as Subrogee of Canon, USA, Inc., Appellant, v JAMES CASTELLANO, Defendant, and NORTH FORK BANK, Respondent. [957 NYS2d 726]—

In an action, inter alia, to recover damages for conversion, the plaintiff appeals, as limited by its briefs, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated June 2, 2011, as denied that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendant North Fork Bank for checks improperly negotiated on or after June 28, 2004.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of the liability against the defendant North Fork Bank for checks improperly negotiated on or after June 28, 2004, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The defendant James Castellano, a former manager in the payroll department of nonparty Canon, USA, Inc. (hereinafter Canon), engaged in a fraudulent scheme over a course of years in which he caused nonparty Automatic Data Processing, an outside payroll processing company utilized by Canon, to make certain payroll tax refund checks payable to "Canon U.S.A., Inc., ATTN: Jim Castellano." Castellano then deposited the checks into personal accounts he had opened with the defendant North Fork Bank (hereinafter North Fork). Each of the checks North Fork accepted for deposit was indorsed solely by Castellano. The scheme was eventually uncovered, and Castellano ultimately pleaded guilty in the United States District Court for the Eastern District of New York to money launder-

ing. Castellano's plea agreement included provisions for forfeiture of the proceeds of the fraud. The plaintiff insurance company, as Canon's subrogee, commenced this action against Castellano and North Fork to recover for losses resulting from the conversion of Canon's funds. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against North Fork for checks improperly negotiated on or after June 28, 2004, and the Supreme Court denied the motion.

Banks and other depository institutions that accept instruments for deposit with unauthorized indorsements are liable to the instrument's true owner (see UCC 3-419 [3]; *Costello v Oneida Natl. Bank & Trust Co. of Cent. N.Y.*, 109 AD2d 1085 [1985], *affd* 66 NY2d 619 [1985]). Although banks are presumed to be liable in damages for the face value of the instrument (see UCC 3-419 [2]), by demonstrating that it acted in "good faith and in accordance with reasonable commercial standards," a bank may attempt to limit its liability to "the amount of any proceeds remaining in [its] hands" (UCC 3-419 [3]; *see B.D.G.S., Inc. v Balio*, 8 NY3d 106, 111-112 [2006]).

The checks at issue in this case, which were made payable to "Canon U.S.A., Inc., ATTN: Jim Castellano," were payable solely to the order of Canon, and therefore it was commercially unreasonable as a matter of law for North Fork to accept them for deposit without Canon's indorsement (see UCC 3-110; *Costello v Oneida Natl. Bank & Trust Co. of Cent. N.Y.*, 109 AD2d 1085 [1985]; *see also Public Citizen v First Natl Bank*, 198 W Va 329, 332-333, 338, 480 SE2d 538, 541-542, 547 [1996]; *Cooper v AT & T Corp./Lucent Technology*, 1998 WL 1784223 [1998]). We reject North Fork's contention that the checks were "payable in the alternative" (see UCC 3-116 [a]) to Canon or Castellano, and could therefore be negotiated by either of them (*see Public Citizen v First Natl Bank of W. N.Y.*, 198 W Va at 338, 480 SE2d at 547; *cf. L. B. Smith, Inc. v Bankers Trust Co. of W. N.Y.*, 80 AD2d 496 [1981], *affd* 55 NY2d 942 [1982]). Accordingly, the plaintiff was entitled to summary judgment against North Fork on the issue of liability with respect to checks negotiated by Castellano to North Fork on or after June 28, 2004.

Since we find that North Fork acted in a commercially unreasonable manner as a matter of law, we need not consider the merits of the defense it raised pursuant to UCC 3-406 (see *Mouradian v Astoria Fed. Sav. & Loan*, 91 NY2d 124, 131 [1997]).

Although the plaintiff was entitled to summary judgment on the issue of liability for checks improperly negotiated on or af-

ter June 28, 2004, the defendant raised a triable issue of fact as to potential collateral source setoffs which may act to reduce the plaintiff's damages award, and thus the plaintiff was not entitled to summary judgment on the issue of damages (*see Blanche, Verte & Blanche, Ltd. v Joseph Mauro & Sons*, 79 AD3d 1082, 1083-1084 [2010]). Mastro, J.P., Lott, Roman and Cohen, JJ., concur.