TRAVCO CORPORATION v CITIZENS FEDERAL SAVINGS &
LOAN ASSOCIATION OF PORT HURON

BILLS AND NOTES—FICTITIOUS PAYEE—INDORSEMENT.

> Indorsements of checks payable to a fictitious payee whose name was supplied to the plaintiff drawer by an employee, who indorsed the checks in his own name, not in the name of the fictitious payee, were not effective against the plaintiff drawer which was entitled to have its checking account reimbursed by the cashing and paying banks after the embezzlement was discovered (MCLA 440.3405[1]).

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 June 22, 1972, at Lansing. (Docket No. 12607.) Decided July 31, 1972.

Complaint by Travco Corporation against Citizens Federal Savings & Loan Association of Port Huron, and Brown City Savings Bank for wrongful cashing and payment of checks drawn on plaintiff's account. Frank and Bernice Mitchell were made third-party defendants. Judgments for plaintiff against Citizens Federal and Brown City Bank, for Brown City Bank against Citizens Federal, and for Brown City Bank and Citizens Federal against Frank and Bernice Mitchell. Citizens Federal appeals. Affirmed.

*Jenkins, Fortescue, Miller & Nystrom, P. C.,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTE

10 Am Jur 2d, Banks § 640.

10 Am Jur 2d, Bills and Notes §§ 128–137.

Construction and effect of UCC Art. 3, dealing with commercial paper, 23 ALR3d 932.

*Touma, Watson, Andresen & Nicholson,* for defendant Citizens Federal Savings & Loan Association.

Before: HOLBROOK, P. J., and R. B. BURNS and T. M. BURNS, JJ.

R. B. BURNS, J. Defendant Frank Mitchell, while assistant treasurer of plaintiff Travco Corporation, caused two checks, each payable to a fictitious company, to be drawn on his employer's account with the defendant Brown City Savings Bank (hereinafter Brown City). The first check was payable to "L. & B. Dist., C/O F. & B. Mitchell". It was indorsed "F. Mitchell" and "B. Mitchell" and was cashed at defendant Citizens Federal Savings & Loan Association of Port Huron (hereinafter Citizens). The second check was payable to "L. & B. Distr. Sales, 19704 West Seven Mile Road, Detroit, Michigan 48219". This latter check was indorsed "For deposit only F. Mitchell" and was also cashed at Citizens. Both checks were cleared through normal banking channels and charged against Travco's account with Brown City. Thereafter Travco discovered the embezzlement and demanded that its account be reimbursed. Brown City refused, and Travco initiated this suit against Citizens and Brown City.

Travco alleged that payment of the two checks by Brown City was improper because payment was not made according to the order of Travco and because neither check bore the authorized indorsement of the payee. Brown City's answer alleged, as an affirmative defense, that any loss was due to the negligence of Citizens and that, therefore, Citizens was liable to Brown City for any judgment which might be entered against Brown City.

The trial judge entered judgments in favor of

Travco against Brown City and Citizens, in favor of Brown City against Citizens, and in favor of Brown City and Citizens against Frank and Bernice Mitchell. Only Citizens has appealed.

Citizens argues that MCLA 440.3405(1); MSA 19.3405(1) relieves it of liability because Frank Mitchell was an employee of Travco at the time he caused the checks to issue. The cited section of the Uniform Commercial Code provides:

"An indorsement by any person in the name of a named payee is effective if * * * (c) an agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest."

Indeed, at the time the checks at issue herein were drawn, Frank Mitchell was an employee of the drawer and had supplied the drawer with the names of fictitious payees. However, neither check was indorsed "in the name of a named payee." Consequently, the indorsements were not effective.

Affirmed. Costs to plaintiffs.

All concurred.