OPINION OF THE COURT
Simons, J.
Plaintiffs are trustees of Production Workers Union Local 148 Welfare Fund (Fund). At the direction of its attorney, Robert T. Weisswasser, the Fund drew a check on defendant Manufacturers Hanover Trust Company payable to Pitney, Hardin & Kipp, a New Jersey law firm which represented another party in a pending lawsuit against the Fund. The check was delivered to Weisswasser to be used as payment in settlement of the pending litigation but neither the New Jersey lawyers nor their clients received any of the proceeds. Instead, Weisswasser forged the indorsement of the payee’s name, deposited the check in his account at defendant-appellant Chemical Bank and then withdrew the proceeds and absconded. He was subsequently found dead from a bullet wound in the head.
Plaintiffs sought to recover the loss in this action against defendant drawee, Manufacturers Hanover Trust Company, which had forwarded moneys to satisfy the check from the Fund’s account to defendant-appellant, Chemical Bank, and against defendant-appellant, the depositary bank. The action against Manufacturers was dismissed. *224 Inasmuch as the forged indorsement of the drawer’s agent was effective to negotiate the check, the drawee did not act wrongfully in honoring it (see Uniform Commercial Code, § 3-405, subd [1], par [c]). Insofar as the indorsement may have been irregular or the directions of the restrictive indorsement were not followed, the drawee was not liable to plaintiffs because only the depositary bank was charged with the responsibility of checking the restrictive indorsement and complying with the directions it contained (Uniform Commercial Code, § 3-419, subd [4]). Special Term granted plaintiff summary judgment against the depositary, Chemical Bank, however, and the Appellate Division affirmed its order. We granted leave to appeal and we now reverse.
In holding the depositary liable, both Special Term and the Appellate Division relied upon our decision in Underpinning & Foundation Constructors v Chase Manhattan Bank (46 NY2d 459). In Underpinning we acknowledged the general rule that the drawer of a check paid by a depositary over a forged indorsement normally has no cause of action against the depositary for the obvious reason that either the forgery is effective to transfer the instrument, as it is here, or if it is not, the depositary has received nothing of the drawer for which the drawer may recover. In both instances, the drawer’s action is against the drawee who has honored the check and debited the drawer’s account. In those circumstances in which the statute provides that the forgery is effective to transfer the check, it does so on the premise that because the drawer has dealt with the forger, the drawer can best avoid the loss. Accordingly, the drawer may not recover from the drawee (see, generally, Uniform Commercial Code, § 3-405). In most cases, however, the forgery is not effective to transfer the instrument and the drawee is liable because it is in a position to detect the forgery before payment. Thus, in such cases it is the drawee, as between two innocent parties, who is accountable for the loss (see Merrill Lynch, Pierce, Fenner & Smith v Chemical Bank, 57 NY2d 439, 444-445). As to the depositary, we held in Underpinning that notwithstanding the general rule, the drawer may recover from it in those “comparatively rare instances” *225 when the depositary has acted wrongfully and yet the drawee has acted properly in honoring the check because the forgery is effective (at p 466). The wrong in Underpinning was the payment by the depositary in disregard of the restrictive indorsement. That is plaintiffs’ claim here. They contend that Chemical Bank is similarly liable because it accepted the check and paid funds over to the credit of Weisswasser contrary to the terms of a restrictive indorsement on the. check.
The writing on the back of the Fund’s check appeared as follows:
“Pay to Special Account #012-043478 &/ Pitney, Hardin & Kipp For Deposit Only Special Account 012-043478”
Special account No. 012-043478 at Chemical Bank was the business account of attorney Weisswasser. The Appellate Division ruled that absent a clear indication to the contrary, the words “for deposit only” meant for deposit to the account of the payee — not the account of the person presenting the check. Inasmuch as the bank had no account for Pitney, Hardin & Kipp, it was on notice of the forgery and should have questioned the indorsements. Instead, it deposited the proceeds to the special account. Thus, the court held it was liable to the drawer for doing so contrary to the directions of the restrictive indorsement (Uniform Commercial Code, § 3-206, subd [3]).[1]
In Underpinning, the checks were restrictively indorsed “for deposit only”, followed by the stamped name of the payee. The payees had no account in the depositary bank, however, and we found a violation of the restrictive indorsements because the depositary did not, indeed it could not, deposit the proceeds in the accounts named as it had been directed to do. Instead, in clear violation of the indorsements, the depositary either credited the checks to *226 the account of the forger or paid cash to him. Thus, it failed in its obligation to deposit the checks to the account of the payee as the indorsement required. To contrast, this check was deposited to the credit of the depositary’s customer, the owner of the special account. The bank contends that its actions in doing so were proper because there were two indorsements on the check, a special indorsement by Pitney, Hardin & Kipp, effective to transfer the check to Weisswasser, identified by the number of his special account, and a restrictive indorsement effective to transfer the check for deposit to the credit of Weisswasser, again identified by the number of his special account. Though no signature appeared under the second indorsement, characterized by the bank as the restrictive indorsement, when it received the check, it contends that it was authorized to accept the check with the restriction and supply the missing signature (see Uniform Commercial Code, § 4-205, subd [1]).
If the names had been used in place of the special account number, the correctness of the bank’s conduct would be clear. Thus, the critical issue is whether the indorsements were effective even though the customer was identified by his account number rather than his name. If the account number was sufficient to identify the transferee and as a signature, the depositary honored the directions given it and it is not liable to plaintiffs. -
Indorsement is the method by which the holder of an instrument transfers it to another. In the broadest sense, an indorsement is a writing on the back of the instrument. The signing evidences the contract the indorser enters into with the other parties on the instrument. A special indorsement “specifies the person to whom or to whose order” the instrument is to be paid and requires a further indorsement by the party named before it can be transferred (Uniform Commercial Code, § 3-204, subd [1]). A restrictive indorsement requires the taker to apply the proceeds of the instrument in a manner consistent with the indorser’s directions, in this case to credit the proceeds by depositing them to the account identified on the back of the check (see Uniform Commercial Code, § 3-205). The two types of indorsements may validly appear on the same *227 instrument, as they did in this case, and a single indorsement may be both special and restrictive, as is the direction contained in the first three lines appearing on the back of this check.
However the writings on the back of this check are interpreted, the depositary followed the instructions given and it is not liable for plaintiff’s loss.
If it is contended that the writing must be considered as two indorsements and that the special indorsement was not proper because the statute requires transfer to a “person”, as indeed it does, then the answer is that there is no requirement that the person be identified by name nor any prohibition against identification by bank account number, title or similar means.[2] That, the account number was used rather than the name of the owner of the account does not alter the designation when the account is in existence and identifiable as belonging to a specific person. Furthermore, there is no specific requirement of the form of the signature necessary for a valid indorsement. Once the indorsee was identified by number, the indorsement could be executed consistent with it (see Brown v Butchers & Drovers’ Bank, 6 Hill 443 [where the indorsement was made with numbers 1-2-8]). The code provides only that an indorsement must be “written by or on behalf of the holder and on the instrument” or allonge (Uniform Commercial Code, § 3-202, subd [2]) and that where “an instrument is made payable to a person under a misspelled name or one other than his own he may indorse in that name or his own or both” (Uniform Commercial Code, § 203). That conclusion finds support in the rule that a person may use any name or mark as a means of identification, a common legal principle adopted in the code in the provision that a signature is made by use of any name, including any trade or assumed names upon an instrument or by a word or mark in lieu of written signatures (Uniform Commercial Code, § 3-401, subd [2]).
*228 If it is contended that the first three lines constituted both a special and a restrictive indorsement and the remainder surplusage, the depositary followed the indorser’s directions when it deposited the proceeds of the check to account No. 012-043478, the account of its customer. Thus, its examination of the check disclosed either a negotiation of the check to its customer by special indorsement and then a direction to deposit the proceeds to his account or a single indorsement, both special and restrictive to similarly deposit the proceeds. It is the direction to deposit to the account of the customer and the bank’s action in honoring that direction which distinguishes the case from the facts in Underpinning and establishes that the bank’s action accorded with reasonable business practice for there are many instances in which a family member or a business may indorse for deposit funds to the credit of another and a depositary is not on notice of chicanery because of it nor is it liable if it faithfully follows such a direction.
Accordingly, the order of the Appellate Division should be reversed, with costs, plaintiff’s motion for summary judgment denied, defendant-appellant’s cross motion for summary judgment granted, and the complaint dismissed.
Judges Jasen, Jones, Wachtler, Meyer and Kaye concur with Judge Simons; Chief Judge Cooke concurs in result in the following memorandum: “I concur. Insofar as the majority opinion infers that the first three lines of the indorsement might not be treated in some instances as a restrictive indorsement, I cannot agree.”
Order reversed, etc.

. Uniform Commercial Code (8 3-206, subd [3]) provides: “Except for an intermediary bank, any transferee under an indorsement which is conditional or includes the words ‘for collection’, ‘for deposit’, ‘pay any bank’, or like terms (subparagraphs (a) and (c) of Section 3-205) must pay or apply any value given by him for or on the security of the instrument consistently with the indorsement”.

. The code defines a “person” as an “individual or an organization”. An organization “includes a corporation, government or governmental subdivision or agency, business trust, estate, trust, partnership or association, two or more persons having a joint or common interest, or any other legal or commercial entity” (see Uniform Commercial Code, § 1-201, subds [28], [30]). The definition is inclusive, not exclusive, and as the Official Comment states, “organization” includes every kind of entity other than an individual. The definition is broader than others found in the statutes (see General Construction Law, § 37).