MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC., Plaintiff,

v.

NCNB NATIONAL BANK OF NORTH
CAROLINA, Defendant.

NCNB NATIONAL BANK OF NORTH
CAROLINA, Third–Party Plaintiff,

v.

The BANK OF NEW YORK,
Third–Party Defendant.

No. 87 Civ 6719 (LBS).

United States District Court,
S.D. New York.

Sept. 16, 1988.

Abrams & Thaw, Farmingdale, N.Y.,
Thomas J. Mullaney, of counsel, for plaintiff.

Willkie Farr & Gallagher, New York
City, Anthony F. Phillips, Mitchell J. Auslander, of counsel, for defendant and third-party plaintiff.

Michael P. Amodio, New York City, Ruth
Simon, of counsel, for third-party defendant.

## OPINION

SAND, District Judge.

This is a diversity action brought by plaintiff, ("Merrill Lynch"), against the defendant, ("NCNB"), the payor or drawee bank, for the alleged unauthorized payment of a check drawn on plaintiff's account. Defendant NCNB has brought a third-party claim against The Bank of New York (sometimes referred to as "BNY"), the depository and collecting bank, for indemnification because of BNY's guarantees as to the validity of all endorsements on checks it submits to NCNB and because of the statutory warranties of good title it gave to NCNB under Uniform Commercial Code ("U.C.C.") §§ 3–417(1)(a) and 4–207(1)(a). The parties have cross-moved for summary judgment and have stipulated that, *inter alia*, the ultimate liability for the payment of the check shall be borne by either plaintiff Merrill Lynch or by third-party defendant The Bank of New York, but not by NCNB. *See* Stipulation and Order of June 27, 1988.

## BACKGROUND

On approximately October 2, 1985, plaintiff's employee, Brian J. Walsh, fraudulently and without authority, presented false invoices which caused Merrill Lynch to issue a check for $530,966.25 to the order of a fictitious entity, "Empire Paper & Envelope Co," drawn on its account number 480015353 with defendant NCNB. On or about November 4, 1985, Mr. Walsh's wife deposited the check at a branch of The Bank of New York with the following endorsement:

> "For Deposit Only
> Empire Paper & Envelope Co.,
> Div. of Burke, Wainwright &
> Evans, Inc."

The Bank of New York accepted the check for deposit into an account in the name of "Burke, Wainwright & Evans, Inc." The check was presented to defendant NCNB which paid it and deducted the face amount from plaintiff's account. Partial restitution was made by Mr. and Mrs. Walsh through their deeding to Merrill Lynch a house which they had purchased with a portion of the proceeds of the check. On July 1, 1987, Merrill Lynch sold the house and received net proceeds of $334,932.55, leaving a balance of $196,033.70.

Plaintiff Merrill Lynch argues that NCNB's payment of the check was inappropriate for the following reasons: 1) the addition of "Div. of Burke, Wainwright & Evans, Inc." renders the indorsement ineffective under U.C.C. § 3–405 and the check was therefore improperly payable under U.C.C. § 4–401; 2) NCNB was negligent in paying because the indorsement was not "in the name of the named payee," and 3) NCNB breached its contract with Merrill Lynch by paying the check. *See* Complaint ¶¶ 13–17.

NCNB claims that the check was properly payable under U.C.C. § 3–405, that is, it was indorsed "in the name of the named payee," but that even if it was not, U.C.C. § 3–406 precludes any recovery to which plaintiff may be entitled because of its contributory negligence in hiring and failing to supervise its dishonest employee, and in failing to inspect its monthly checking account statements and to notify NCNB promptly. *See* Answer ¶¶ 24–29.

## DISCUSSION

The Uniform Commercial Code provides in pertinent part that

(1) An indorsement by any person in the name of a named payee is effective if

(a) an impostor by use of the mails or otherwise has induced the maker or drawer to issue the instrument to him or his confederate in the name of the payee; or

(b) a person signing as or on behalf of a maker or drawer intends the payee to have no interest in the instrument; or

(c) an agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest.

N.Y. U.C.C. § 3–405 (McKinney 1964).

The New York Court of Appeals has held that while in general a drawee bank may not debit its customer's account for its payment of a check with a forged indorsement because the underlying relationship between a bank and its depositor is a contractual one of a debtor and creditor, the bank is justified in debiting the drawer's account when the conditions set forth in U.C.C. § 3–405 are present. *Merrill Lynch v. Chemical Bank*, 57 N.Y.2d 439, 456 N.Y.S.2d 742, 745, 442 N.E.2d 1253, 1256 (1982). The Court of Appeals stated that the policy for the exception to the rule is best explained by Official Comment 4 to § 3–405 which allocates the loss in such circumstances to the employer who is in a "better position to prevent such forgeries by reasonable care in the selection or supervision of his employees...." *Merrill Lynch*, 456 N.Y.S.2d at 745, 442 N.E.2d at 1256. However, the Court also emphasized that if a check is " 'tainted in some other way which would put the drawee on notice and which would make its payment unauthorized, ... a basis for liability independent of any liability which might be created by payment over a forged instrument alone' may very well survive." *Id.*, 456

N.Y.S.2d at 747, 442 N.E.2d at 1258 (*quoting Underpinning & Foundation Constructors v. Chase Manhattan Bank*, 46 N.Y.2d 459, 414 N.Y.S.2d 298, 301, 303, 386 N.E.2d 1319 (Ct. of App.1979)).

There is no dispute that had the indorsement in this case merely stated "For Deposit Only—Empire Paper & Envelope Co.," the plaintiff would have to bear the loss under § 3–405. The narrow issue before the Court is whether the addition of "Div. of Burke, Wainwright, & Evans, Inc." is sufficient to thwart the application of § 3–405.

We find plaintiff's argument regarding this issue to be unpersuasive in this case. The plaintiff cites several cases from other jurisdictions for its proposition that this section of the U.C.C. requires a strict mirror image indorsement. However, we note that the indorsements there at issue may be distinguished from the indorsement in this case. *See, e.g., Consolidated Public Water Supply District No. C–1 v. Farmers Bank*, 686 S.W.2d 844 (Mo.Ct.App.1985) (None of the indorsements of the four checks at issue contained the full name of the named payee) [1]; *Twellman v. Lindell Trust Co.*, 534 S.W.2d 83 (Mo.Ct.App.1976) (Named payee was "International Harvester" but the check was indorsed to a third party without any mention of the named payee) [2]; *Seattle–First Nat'l Bank v. Pacific Nat'l Bank*, 22 Wash.App. 46, 587 P.2d 617 (1978) (Named payee was "Sumner Motors, Inc." but indorsement was "Sumner Motors"); *Travco Corp. v. Citizens Federal Savings and Loan Ass'n*, 42 Mich.App. 291, 201 N.W.2d 675 (1972) (Checks were indorsed without complete names of named payees) [3]; *Western Casualty & Surety Co. v. Citizens Bank of Las Cruces*, 676 F.2d 1344 (10th Cir.1982) (An error in the spelling of the payee's name was held not to remove the case from the application of § 3–405). [4]

In the case before us, we find that there was an indorsement of the complete name of the named payee and that the *addition* to it of a description of the payee is insufficient to preclude the application of § 3–405. Therefore as to the plaintiff's first claim, that the indorsement was not "in the name of the named payee," we grant the defendant NCNB's motion for summary judgment on this issue.

Any question as to the drawer's contributory negligence has no impact on the outcome of this case because we find that § 3–405's system of loss allocation applies. *See Merrill Lynch*, 456 N.Y.S.2d at 746, 442 N.E.2d at 1257. As to the drawee, in this case, defendant NCNB, the mere fail-

1. The first check was to the order of "Layne Western Co." but was indorsed "Layne Western." The second check was made to the order of "Paul Politte, Inc." and was indorsed "Paul Politte." The third payee was "Sidener Supply" and was indorsed "Larry Sidener" and the fourth was to the order of "Larry Sidener" but contained no indorsement. *Consol. Public Water Supply v. Farmers Bank*, 686 S.W.2d at 850 n. 2.

2. The check was indorsed as follows:
"Pay to the order of Michael Londe
Roedel Brothers Internation (sic)
Harvester Trucks
(signed) Carle [sic] Roedel
(signed) Michael Londe)"
*Twellman*, 534 S.W.2d at 87.

3. The first check was payable to "L. & B. Dist., C/O F. & B. Mitchell" but was indorsed "F. Mitchell" and "B. Mitchell." The second check was payable to "L. & B. Distr. Sales, 19704 West Seven Mile Road, Detroit, Michigan 48219." This check was indorsed "For deposit only F. Mitchell." *Travco Corp.*, 201 N.W.2d at 676.

4. The named payee was "Grater Mesilla Valley Sanitation District" while the indorsement was "Greater Mesilla Valley Sanitation District." *Western Casualty & Surety Co.*, 676 F.2d at 1346. The Tenth Circuit noted that "[t]he language of § 3–405 does not specify whether the payee's name and the indorsement must be identical in every respect." *Id.* In holding that the spelling differences in this situation did not prevent the application of § 3–405, the court stated that this section of the Code required that the instrument bear "'what purports to be a regular chain of indorsements' ... 'to ensure that the check presents a normal appearance' and that the person negotiating it can reasonably be identified as the intended payee." *Id. quoting* U.C.C. § 3–405, Comment 1. The court stated further that "an indorsement in a name completely different from that of the payee ... or an indorsement in a personal capacity on a check payable to a business entity, could preclude a bank from invoking the protection of this section." *Id.* at 1346 n. 2.

ure to use ordinary care in the handling of a check to which § 3–405 applies will not subject it to liability unless the check is "tainted" in *"some other way"* which should have put the drawee bank on notice that payment was unauthorized. *Merrill Lynch,* 456 N.Y.S.2d at 747, 442 N.E.2d at 1258 (emphasis supplied, *quoting Underpinning,* 414 N.Y.S.2d at 301, 386 N.E.2d at 1322). In the case at bar, the only real claim of "wrongdoing" is lodged against BNY, the depositary bank and third-party defendant, for negligently accepting the check that contained an indorsement adding language to the name of the payee so that the proceeds could be deposited, since realistically, the drawee bank, NCNB, would have had no way of suspecting any wrongdoing. This raises the question whether this situation falls into the category of " 'comparatively rare instances' when the depositary has acted wrongfully and yet the drawee has acted properly in honoring the check because the forgery is effective." *Spielman v. Manufacturers Hanover Trust Co.,* 60 N.Y.2d 221, 469 N.Y.S.2d 69, 456 N.E.2d 1192 (Ct.App.1983) (*quoting Underpinning,* 414 N.Y.S.2d at 301, 386 N.E.2d at 1322). However, under *Spielman,* we find that BNY's actions or omissions are insufficient to deem it liable for accepting the check for deposit. In reversing the Appellate Division's decision which held a depositary bank liable for similarly accepting a check for deposit that was fraudulently indorsed in the name of the named payee to be deposited in a third party's account, the Court of Appeals found in *Spielman* that regardless of how the indorsement was interpreted, the depositary bank had acted in accordance with reasonable business practice. *Spielman,* 469 N.Y.S.2d at 72, 456 N.E.2d at 1195.[5]

■ Similarly, we find that BNY's acceptance of the check, albeit indorsed with additional descriptive language, does not fall into the factual categories envisioned by the Court of Appeals in *Underpinning,*

*Merrill Lynch,* or in *Spielman.* Accordingly, we similarly deny plaintiff's second and third claims for relief, breach of contract and negligence respectively, and grant motions by the defendant and third-party defendant for summary judgment.

SO ORDERED.

---

5. The check was payable to "Pitney, Hardin & Kipp," a law firm, and was indorsed as follows:
   "Pay to Special Account
   # 012–043478
   s/ Pitney, Hardin & Kipp

For Deposit Only
Special Account 012–043478"
*Spielman,* 469 N.Y.S.2d at 71, 456 N.E.2d at 1194.