■ CHARLOTTE HOROVITZ et al., Respondents, v ROADWORKS OF GREAT NECK, INC., et al., Defendants, and CITIBANK, N. A., Appellant. (And a Third-Party Action.)—In an action, *inter alia,* to recover damages for conversion, the defendant Citibank, N. A., appeals from so much of (1) an order of the Supreme Court, Nassau County (Burke, J.), dated June 10, 1988, as denied its motion to dismiss the complaint as against it pursuant to CPLR 3211 (a) (7), and (2) a resettled order of the same court, entered July 27, 1988, as reiterated the provision of the order dated June 10, 1988, which denied the motion.

Ordered that the appeal from the order dated June 10, 1988, is dismissed, as the portion of that order appealed from was superseded by the resettled order entered July 27, 1988; and it is further,

Ordered that the resettled order entered July 27, 1988, is reversed insofar as appealed from, on the law, and the motion of Citibank, N. A., to dismiss the complaint as against it is granted, and the action against the remaining defendants is severed; and it is further,

Ordered that the order dated June 10, 1988, is modified accordingly; and it is further,

Ordered that the defendant Citibank, N. A., is awarded one bill of costs.

A liberal reading of the complaint establishes that in late 1986, the defendants Caplan, Brustein and Russell, who are officers, directors and shareholders of the defendant Roadworks of Great Neck, Inc., decided to form a limited partnership to operate under the name Roadworks of Great Neck Associates. In furtherance of this plan, each of the plaintiffs made substantial capital contributions to the as yet nonexistent partnership, either by check payable to it or by third-party check endorsed over to it. These checks were endorsed by Roadworks of Great Neck, Inc., and deposited in its corporate account at Citibank, N. A. The limited partnership was never formed, and the plaintiffs thereafter commenced this action, *inter alia,* against Citibank, N. A., alleging that it improperly permitted their funds to be deposited in the account of Roadworks of Great Neck, Inc. Citibank, N. A.,

moved to dismiss the complaint as against it for failure to state a cause of action, and that motion was denied. We reverse.

As a general rule, "the drawer of a check paid by a depositary over a forged indorsement normally has no cause of action * * * for the obvious reason that either the forgery is effective to transfer the instrument * * * or if it is not, the depositary has received nothing of the drawer for which the drawer may recover. In both instances, the drawer's action is against the drawee who has honored the check and debited the drawer's account" *(Spielman v Manufacturers Hanover Trust Co.,* 60 NY2d 221, 224; *see, Underpinning & Found. Constructors v Chase Manhattan Bank,* 46 NY2d 459). An exception to this general rule has been recognized "only in those comparatively rare instances in which the depositary bank has acted wrongfully and yet the drawee has acted properly" *(Underpinning & Found. Constructors v Chase Manhattan Bank, supra* at 466). The plaintiffs here have failed to establish that this is one of those comparatively rare instances. While they do allege that Citibank, N. A., the depositary bank, has acted wrongfully, they have failed to also allege that the drawee acted properly in charging their accounts. Indeed, it seems that the drawee did not act properly, as the endorsements at issue were not effective *(see, Insurance Co. v Citibank,* 145 AD2d 218; *Kings Premium Serv. Corp. v Manufacturers Hanover Trust Co.,* 115 AD2d 707; *cf., Underpinning & Found. Constructors v Chase Manhattan Bank, supra).* Thus the plaintiff drawers have no cause of action against the depositary bank, and their complaint insofar as it is asserted against Citibank, N. A., is hereby dismissed. Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.