DECISION
Subsequent to a jury trial in which the plaintiffs prevailed, the defendants, Fleet Bank, Fleet Information Services, Inc., and Fleet Financial Group, Inc., move this Court for a judgment as a matter of law and, alternatively, a new trial in the above-entitled case. The defendants, pursuant to R.C.P. 50 (b), timely renewed their motion for judgment as a matter of law and, alternatively, pursuant to R.C.P. 59, made a motion for a new trial. The plaintiffs object to the defendants' post trial motions. Additionally, plaintiffs move this Court for judgment as a matter of law pursuant to R.C.P. 50 with respect to Count II and to amend judgment pursuant to R.C.P. 59. The defendants object to all of the plaintiffs' motions.
In June 1993, the plaintiffs brought this action alleging that on March 6, 1986, the defendants honored a $197,000 check with an alleged forged indorsement of Southside and Dudley as payees of the Atrium check. The check was drawn on the account of Atrium Financial Services Corp. maintained at Fleet. After trial, a jury found for the plaintiffs with respect to the claim for conversion by payment of the Atrium check on an unauthorized indorsement and regarding the claim for conversion by payment of the Atrium check on a defective and incomplete indorsement. In its renewed motion for judgment as a matter of law, the defendants assert that the Rhode Island General Laws provide that a presumption exists that the signature on the back of the check is genuine and authorized. See G.L. § 3-307 (1)(b). As a result, the defendants claim that the plaintiffs are required to make some sufficient showing of the grounds to support a finding that Joseph Mollicone, a partner of Southside, did not direct and authorize a person to indorse the check and thus rebut the presumption of authorization. The defendants argue that the plaintiffs failed to put forth a scintilla of evidence that Mollicone did not direct and authorize a person to indorse the check and as a result this Court should therefor grant the defendants' renewed motion for judgment as a matter of law. The defendants also contend that the Court should rule as a matter of law that the letters preceding the Dudley indorsement on the back of the check did not constitute a "substantially different" indorsement from the name of the payees on the check.
The standard for ruling on a motion for a judgment as a matter of law[1] provides that the trial justice view all the evidence in a light most favorable to the adverse party and is obliged to give such party the benefit of all reasonable and legitimate inferences which may be drawn therefrom without weighing the evidence or exercising independent judgment as to the credibility of witnesses; and, if in taking such a view she finds that there exist issues upon which reasonable persons might draw conflicting conclusions, she should deny the motion and the issues should be left to the jury to determine. Palmisciano v.Burrillville Racing Ass'n, 603 A.2d 317 (R.I. 1992); see alsoPickwick Park Ltd. v. Terra Nova Insurance Co., 602 A.2d 515, 518 (R.I. 1992); Kennedy v. Tempest, 594 A.2d 385, 387-88 (R.I. 1991); Pimental v. D'Allaire, 114 R.I. 153, 330 A.2d 62 (1975).
First, the defendants argue that the law clearly states that the plaintiffs are required to make some sufficient showing of the grounds to support a finding in this case that Mollicone, a partner at Southside, did not direct and authorize a person to indorse the check, and thus rebut the presumption. See G.L. 3-307-(1)(b) (Official Comment.) After thoroughly reviewing all of the evidence presented at trial, as well as the arguments of counsel, this Court finds that reasonable persons could arrive at conflicting conclusions as to Mr. Mollicone's actions, since Mollicone was not even an agent of 120 Dudley Street Associates and had no authority to sign the check on its behalf. Furthermore, although Mollicone was a partner of Southside at the time the check was signed, and indeed did have actual authority to indorse the check for Southside, it is undisputed that Mollicone himself did not indorse the check. As to the defendants' argument that the letters preceding the Dudley indorsement on the back of the check did not constitute a "substantially different" indorsement from the name of the payees on the check, this Court notes that while a mere incorrect spelling cannot constitute the basis of an improper or defective indorsement, it is essential that a check made payable to two payees must be indorsed by both before the check may be paid. SeeWestern Casualty Surety Co. v. Citizens Bank Etc., 676 F.2d 1344, 1346 (10th Cir. 1982); Merrill Lynch Pierce Fenner SmithInc. v. NCNB National Bank of North Carolina, 695 F. Supp. 162
(SDNY 1988), aff'd, 872 F.2d 1021 (2nd Cir. 1989); see also Clark Clark, The Law of Bank Deposits, § 12.04[4]. This Court finds that reasonable persons could draw conflicting conclusions as to whether the letters preceding the Dudley indorsement on the back of the check constituted a "substantially different" indorsement from the name of the payees on the check. Accordingly, the defendants' motion for judgment as a matter of law is denied.
In the alternative, the defendants have filed a motion for a new trial. With respect to a motion for new trial, the rule has recently been amended to conform to the federal rule by allowing such a motion when an error of law has occurred at the trial. The amended rule 59 (a) states:
 "A new trial may be granted to all or any of the parties and on all or part of the issues, (1) in an action in which there has been a trial by jury for error of law occurring at the trial or for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of this state . . . ."
Thus, in addition to the previous grounds for a new trial, the amended rule provides, in conformity with the federal rule, that "any error of law, if prejudicial, is a good ground for a new trial." Wright, Miller, and Kane, Federal Practice and Procedure
§ 2805, at 55 (1995).
The defendants aver that they are entitled to a new trial due to errors of law. Specifically, the defendants assert that the Court made an error of law when it excluded the expert testimony of Edward McCrory, a defense witness. The defendants argue that Mr. McCrory would testify that the business practices employed by the plaintiffs in operating the joint ventures were negligent and imprudent. The defendants assert that this testimony was relevant to the issue of negligent conduct which contributed to the alleged forgery and the issue of negligent conduct which gives rise to the defense of laches. It is well-established that the qualification of an expert is a matter addressed to the discretion of 2 trial justice and this Court is afforded wide latitude when determining the competency of an expert witness.DeChristofaro et al. v. Edward W. Machala d.b.a. Bryrik Builders, No. 94-558-A, Slip Op. at 14 (R.I., filed November 15, 1996) (citing Ferland Corp. v. Bouchard, 626 A.2d 210, 215 (R.I. 1993)). Furthermore, this Court already has determined that the defense of laches does not apply in the case at bar, thus the exclusion of Mr. McCrory's testimony did not have an influence on the jury's verdict or a controlling influence on a material aspect of the case. Accordingly, the defendants' argument is without merit.
Furthermore, the defendants challenge this Court's decision granting the plaintiffs' motion in limine to exclude Joseph Mollicone's deposition testimony. The defendants also challenge this Court's decision allowing plaintiffs' counsel to read to the jury their stipulation with respect to Mollicone's assertion of his Fifth Amendment privilege concerning his relationship with Fleet National Bank, while at the same time rejecting the defendants' proposed stipulation with respect to Mollicone's assertion of his Fifth Amendment privilege as to whether he authorized and directed someone to endorse the check. In addition, the defendants argue the court made an error of law in granting the plaintiffs' motion in limine with respect to the letter dated June 2, 1993, from plaintiffs' counsel to DEPCO's attorney stating that the circumstances surrounding the Atrium check "compel the inference that this forgery was performed at the direction of Mr. Mollicone." A motion for an advance ruling on the admissibility of evidence is a relatively modern device for obtaining rulings on evidence before the evidence is sought to be introduced. McCormick, Evidence, 4th Ed. § 52 (1992). The purpose of such motions is to insulate the jury from exposure to harmful inadmissible evidence or to afford a basis for strategic decision. Id. This Court is mindful that reversible error in the admission or exclusion of evidence will not be found unless a substantial right of the party is affected. See R.I. Evidence Rule 103 (a). The burden of demonstrating that the excluded evidence was material and that its exclusion had a prejudicial influence on the decision rests upon the party seeking the admission of the evidence. Kelaghan v. Roberts, 433 A.2d 226, 232 (R.I. 1981) (citations omitted). Thus, after carefully reviewing the evidence of record, along with the arguments of counsel, this Court finds that substantial rights of the parties have not been affected.
The defense also claims the Court committed an error of law in granting the plaintiffs' motion in limine excluding evidence (i) of the $950,000 Marquette refinancing of February 6, 1986, (ii) Mollicone's execution of the Marquette closing statement on behalf of Southside and Dudley, and (iii) Mollicone's procurement of an advance of funds from Heritage on behalf of Southside and Dudley in the amount of $229,782.40 to cover the refinancing shortfall. This Court again notes that the burden of demonstrating that the excluded evidence was material and that its exclusion had a prejudicial influence on the decision rests upon the party seeking the admission of the evidence. Kelaghan v.Roberts, 433 A.2d 226, 232 (R.I. 1981) (citations omitted). After reviewing the record this Court finds that although Mr. Mollicone was an agent of Southside at the time of these transactions, he was not an agent of 120 Dudley Street Associates. Accordingly, this Court finds the defendants' argument is meritless.
Additionally, the defendants assert the Court made an error of law in permitting witnesses to testify that the handwritten endorsement on the back of the check was not in the handwriting of Mollicone and Diana Dumin without any foundation establishing their familiarity with the handwriting of Mollicone and Dumin. Section 9-19-17 of the Rhode Island General Laws clearly sets forth that the comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine shall be permitted to be made by witnesses. Thus, this Court finds the defendants' argument to be without merit.
The defendants challenge this Court's admission of Dumin's deposition testimony, as well as this Court's granting plaintiffs' motion for judgment as a matter of law with respect to all of the defendants' affirmative defenses rooted in the Uniform Commercial Code, and the granting of the plaintiffs' motion for judgment as a matter of law with respect to the defendants' affirmative defenses of laches and the plaintiffs' failure to mitigate their damages. After carefully reviewing the evidence of record, along with the arguments of counsel, this Court finds these arguments to be without merit, as this Court notes the defense of laches is not applicable because there is no claim for equitable relief, and the defense of laches applies only to actions of equity and does not apply to actions of law.See Jonkleas v. Silverman, 370 A.2d 1277, 1280 (R.I. 1977).
The defendants argue that this Court made an error of law in failing and/or refusing to charge the jury with respect to the following: the law governing partnership joint ventures, and the manner in which a general partner of a partnership and a member of a joint venture may bind the partnership and/or joint venture; the ability of a partner to appoint an agent to act on behalf of a partnership or a joint venture; that in order for the plaintiffs to have an interest in the check, the check had to be delivered in accordance with the payee's purposes and intentions; and the fact that a fundamental element of a conversion claim is that in order for the plaintiffs to maintain a conversion action against the bank, the plaintiffs must first demand that the bank return the instrument.
"Challenged jury instructions must be evaluated as a whole in light of the meaning and interpretation that a jury composed of ordinary lay persons would give them." Donnelly v. Grey GooseLines Inc., 667 A.2d 792, 795 (R.I. 1995) (citing Hueston v.Narragansett Tennis Club Inc., 502 A.2d 827, 829 (R.I. 1986)). An erroneous charge warrants reversal only if it can be demonstrated that the jury could have been misled to the resultant prejudice of the complaining party. Id. (quoting Brodeur v. Desrosiers,505 A.2d 418, 422 (R.I. 1986)). Upon careful review of the jury instructions at issue, this Court finds that the instructions of this Court were neither erroneous nor prejudicial.
The defendants also challenge the Court's refusal to allow defendants to introduce the Second Amended Complaint as a trial exhibit, as well as the Court's decision providing the Bank's credit offering dated July 23, 1987, to the jury at the conclusion of the trial. Lastly, defendants argue that even if the Court's granting of the plaintiffs' motion to amend the second amended complaint constituted an amended pleading superseding the second Amended Complaint, the Second Amended Complaint still constitutes a judicial admission which is admissible. See Hall v. Insurance Co. of North America,666 A.2d 805 (R.I. 1995). Again, this Court notes that reversible error in the admission or exclusion of evidence will not be found unless a substantial right of the party is affected. See R.I. Evidence Rule 103 (a). After carefully reviewing all of the evidence of record, along with the arguments of counsel, this Court finds that in its rulings there are no errors of law warranting a new trial. Accordingly, the defendants' motion for a new trial due to errors of law is denied.
The plaintiffs move this Court for judgment as a matter of law and to amend the judgment with respect to Count II, a claim for conversion by payment of the Atrium check on a defective and incomplete endorsement. The plaintiffs argue that since the jury made a finding of liability, they are entitled to damages as a matter of law on both counts, although they can collect only once. The plaintiffs have filed their motions pursuant to R.C.P. 50 and 59, providing the Court with no specific section of either rule to support their motion. Since R.C.P. 50 (b) provides for a post-trial renewal of a motion for judgment as a matter of law previously made during trial, the defendants object to this motion arguing it is not timely because no motion or judgment as a matter of law was made during the trial.
Assuming, arguendo, that the plaintiffs properly preserved their R.C.P. 50 (b) motion for a judgment as a matter of law, this Court will apply the standard for ruling on a motion for a judgment as a matter of law. This Court finds that although reasonable persons could draw conflicting conclusions as to liability and damages, the jury clearly answered each of the special interrogatories presented by this Court. The jury responded to the first count of conversion by payment of the Atrium Check on an unauthorized endorsement by finding for the plaintiffs in the amount of $197,800. The jury responded to the second count of conversion by payment of the Atrium Check on a defective and incomplete endorsement by finding for the plaintiffs without awarding any damages. Accordingly, this Court will not disturb the jury's findings concerning liability or damages as to Count II.
Furthermore, the test for granting a new trial on the question of damages is whether or not there is a demonstrable disparity between the jury's award and the damages sustained by the plaintiff, such that the verdict is not truly responsive to the merits of the controversy and fails to do substantial justice between the parties. Kelaghan v. Roberts, 433 A.2d 225, 229 (1981). It is well-settled in Rhode Island that "the measure of damages for conversion is usually the value of the property at the time of its conversion." Moseman Constr. Co. v. State Dept.of Transportation, 606 A.2d 34 (1992) (citing Jeffrey v. AmericanScrew Co., 98 R.I. 286, 291, 201 A.2d 146, 150 (1964)). The amount paid on the Atrium Check was $197,000. The jury awarded the plaintiffs $197,000. Thus, this Court finds that the jury's award of damages was supported by competent evidence and responded to the merits of the controversy and did not fail to do substantial justice between the parties. For the above reasons the plaintiffs' motion for judgment as a matter of law, as well as the motion to amend judgment as to Count II, are denied and dismissed.
The parties also dispute the amount of prejudgment interest awarded to the plaintiffs. The October 3, 1996 judgment entered by the clerk states that the plaintiffs recover "the sum of $197,000.00" and provides for "interest thereon at the rate of 12% (per annum) as provided by law [of] $81,477.04 and costs of action for a total amount of $278,477.04." Civil Judgment on Verdict, 10/3/96. Defendants filed a motion to amend judgment pursuant to R.C.P. 59 (e), arguing that the statutory interest begins to accumulate as of October 5, 1995, the first date the plaintiffs demanded that Fleet National Bank return the check and/or pay the monies represented by the check since the bank honored the check over an alleged unauthorized endorsement.
Plaintiffs, on the other hand, contend that the prejudgment interest entered was incorrect since the clerk included interest only from the date the lawsuit was filed. The plaintiffs argue that since pre-judgment interest commences when the cause of action accrued, the plaintiffs should be awarded pre-judgment interest from March 6, 1986, when Fleet converted the $197,000 check.
When determining the proper pre-judgment interest, the date the cause of action accrued, as well as the date the judgment became final, must be determined. See G.L. 1956 § 9-21-10. In the case at bar, the cause of action accrued the date the suit was filed in 1993. It is well-established that "in the absence of a contract concerning it, interest on a note is due only from the date of demand or default. Commencement of suit is the equivalent of a judicial demand." Corning Glass Works v. Seaboard SuretyCo., 112 R.I. 241, 251, 308 A.2d 813, 819 (1973). Thus, the pre-judgment interest assessed by the clerk was correct. Accordingly, both the plaintiffs' and defendants' motions to amend judgment pursuant to R.C.P. 59 (e) are denied and dismissed.
Counsel shall prepare an appropriate judgment for entry within ten days.
[1] The 1995 revision of the Rhode Island Rules of Civil Procedure abandons former Rule 50's "directed verdict" nomenclature in favor of the term — "judgment as a matter of law." However, this name changes does not affect the applicable standard of review. Long v. Atlantic PBS, Inc., etal., No. 94-685-A, Slip Op. at 5 (R.I., filed July 18, 1996).