(March 16, 1971)

ELIZABETH ALEXANDER et al., Respondents, v. STATE OF NEW YORK, Appellant. .(Claim No. 48390.) — Appeal

Reynolds, J. P., Staley, Jr. and Sweeney, JJ., concur; Greenblott and Cooke, JJ., dissent and vote to affirm in a memorandum by Greenblott, J. I dissent and vote to affirm. The State should not be permitted to raise belatedly the issue that an erroneous theory of valuation was utilized by both the State and claimants' experts. Throughout this proceeding, including the required exchange of appraisals, the discovery procedures and the trial, the State presented and relied upon the same method of valuation used by the claimants. Now it attempts to reject the entire trial " as a matter of law ". We should not base our disposition of an appeal upon a theory which was not presented to the court below, since this alleged error could have been remedied if attention had been directed to it on the trial. " When the State, without objection, acquiesces in the method of proof adopted by a claimant and thereafter undertakes to use the same formula of proof it should not be permitted, on appeal, to complain as to the probative value of the evidence offered in support of the theory of valuation because the amount of the award exceeds what the State considers to be the fair market value of the appropriated property. This is additionally so when the State made no requests to 'find' or submitted proposed findings of fact." (*Guthmuller* v. *State of New York,* 23 A D 2d 597 [concurring opinion of HERLIHY, J.].) Assuming, *arguendo,* that the State should be permitted to raise the issue of the trial court's theory of valuation, its argument is unavailing under the circumstances of this case. It is obvious that on the date of appropriation, the subject property was more than raw acreage having merely an enhancement value for potential commercial use. Its unique location in the middle of a rapidly growing area and near interstate highway interchanges in the City of Binghamton rendered the property highly desirable for commercial purposes. Accordingly, the appraisers for both parties agreed that on the date of taking its highest and best use was for commercial development for which the property had a ready market. Through their appraisers and engineers, both parties established in detail the

cost factors involved in the filling operation and determined the expenditure involved to be both physically practical and economically feasible. No evidence exists in the record that it would be difficult or impractical to fill the land. No "massive filling job" which would take "decades" was necessary as was required in *Giarrusso* v. *State of New York* (19 A D 2d 582); no speculative project or remote prospective use was required as in *Hewitt* v. *State of New York* (18 A D 2d 1128). Nor was there any conflict among the appraisers as to the highest and best use of property as existed in *Triple Cities Shopping Center* v. *State of New York* (26 A D 2d 744, affd. 22 N Y 2d 683) where the property was zoned for heavy industrial purposes but was found by the trial court best suited for commercial purposes. Under the peculiar circumstances of this case, the trial court could properly assign the land a value based upon its commercial use allowing a credit for the cost of improvement (cf. *Valley Stream Lawns* v. *State of New York*, 9 A D 2d 149). Moreover, I agree with now Presiding Justice HERLIHY's statement in *Munro* v. *State of New York* (30 A D 2d 1002, 1003) where in discussing the State's contention that the *Hewitt* principle had to be used when there was a ready market for the property appropriated on the date of appropriation, he said: "Upon the record in the present case the court could find and apparently did find that certain frontage was available for sale and that there was a ready market without further development for [commercial] use * * *. Under such circumstances, it is unnecessary to find a value for raw acreage and then an increment for potential value. There is nothing potential or enhanced about land which has a present value for a present use. The rule relating to lands having an enhanced value for potential uses does not apply to parcels of land having a present highest and best use with no enhanced value for some other potential higher and better use." The judgment should be affirmed.