■ PAULINE MISLER et al., Appellants, v. HILTON INTERNATIONAL CO., Respondent.— In an action in bailment to recover $30,000 money damages for loss of jewelry and other property alleged to have been entrusted to defendant, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered July 7, 1971, in favor of defendant upon a jury verdict. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. No questions of fact were presented on the appeal. The trial court correctly instructed the jury that the law of Puerto Rico applied and stated its reasons for that conclusion. The court, however, did not charge the Puerto Rican comparative negligence statute. The record shows that plaintiffs did not specifically and fairly apprise the court of that statute and did not specifically except to the court's omission to charge it. The jury may have concluded that plaintiff Samuel Misler was contributorially negligent in leaving his safe deposit key in his room while he was at the pool. Under all of the circumstances, we have reviewed the matter in the interests of justice (*Rivera* v. *W. & R. Serv. Sta.*, 34 A D 2d 115) and find that the failure to charge the comparative negligence statute was prejudicial (*Frummer* v. *Hilton Hotels Int.*, 60 Misc 2d 840). It is also our opinion that the failure to instruct the jury as to the consequences of noncompliance by defendant with the posting requirements (should the jury so find) was confusing and prejudicial. In our opinion, the issue was a mixed question of law and fact. Although there is no dispute as to the contents of the sign on the back of Mr. Misler's door, at the time he asked for a safe deposit box he asked the clerk, "Does it work in the same manner as it does in the States?" The clerk answered, "Yes." Mr. Misler was a New York resident and an insurance broker. Under these circumstances, the affirmative defense was properly not dismissed. However, the jury should have received appropriate instructions with respect to the consequences of non-compliance by defendant (should it so find) with the posting requirements of the Puerto Rican statute. The parties should apprise the trial court of any Puerto Rican law on the subject so that it can be properly guided. Munder, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ MELVIN MORRIS, Appellant, v. HELAINE MORRIS, Respondent.— In an action in which a judgment of divorce was granted by the Supreme Court, Westchester County, on November 13, 1970, plaintiff appeals from so much of a further judgment of the same court, dated February 24, 1971, amending the original judgment, as directs him to pay $450 weekly for support of the four children of the marriage who then were still minors and, after maturity of the oldest of them, $400 weekly for the three remaining minors. Judgment affirmed insofar as appealed from, without costs. In our opinion, not only did the evidence show an increase of plaintiff's earnings and capital assets justifying the greater allowance for the support of the minor children than had been awarded for their support in the separation judgment (*Matter of Handel* v. *Handel*, 32 A D 2d 946; *Matter of Goldberg* v. *Berger*, 31 A D 2d 637), but, furthermore, treating the question of support *de novo* as the Special Term could appropriately do when a divorce action is instituted under subdivision (5) of section 170 of the Domestic Relations Law (based on the passage of time since the separation decree), the evidence of plaintiff's income and capital assets established at the trial, in our view, justified the support award (*Kover* v. *Kover*, 29 N Y 2d 408). Hopkins, Acting P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.