Fuchsberg, J.
Plaintiff commenced this personal injury action to recover damages allegedly sustained as a result of a fall when her shoe became wedged in a crevice between the curbstone and adjoining public sidewalk. In answer to the complaint, the defendant City of Cohoes pleaded that plaintiff failed to comply with a local ordinance (Cohoes City Charter, § 192; L 1915, ch 130, as amd) which required that the Common Council or the Commissioner of Public Works have prior actual notice of the defective condition. At a pretrial conference, defendant’s attorney supplied the court with a copy of the afore-mentioned local law in further particularization of its pleaded statement that it was applicable. Motions to dismiss, predicated upon defendant’s contention that plaintiff had failed to comply with the notice law as so represented to the court, were denied, and the case proceeded to trial.
At trial, plaintiff, to meet the requirements of the aforementioned ordinance, introduced proof that the Commissioner of Public Works, in his travels about the city, on several occasions had seen the allegedly defective condition prior to the accident. The jury was charged that a finding of such actual notice was an essential element of plaintiff’s cause of action. There was no exception to that charge. The jury found for the plaintiff.
Subsequent to the verdict, it was discovered that the original ordinance had been amended (Local Laws, 1953, No. 1 of City of Cohoes; Local Laws, 1960, No. 1 of City of Cohoes) so that, by the time of the accident, prior written notice of the defect was required. Unless written, actual notice, no matter how explicit and even if conceded, did not suffice. Defendant then moved to set aside the verdict upon the grounds that *165 written notice had not been, and could not, be proved. The motion was denied.
On the city’s appeal, the Appellate Division, by a divided court, reversed on the law and dismissed the complaint. The majority was of the view that CPLR 4511 (subd [a]), our "judicial notice” statute, mandated a reversal despite the city’s acquiescence to the trial of the case on the actual notice theory.
Plaintiff, on her appeal here, urges that, in the absence of an objection or request to charge, the requirement of actual notice rather than written notice became the "law of the case”, "binding” upon the parties even though it was an erroneous statement of local law. We agree that the order should be reversed, but on a different theory.
The doctrine of the "law of the case” is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned (United States v United States Smelting Co., 339 US 186, 198; Insurance Group v Denver & R.G.W.R. Co. 329 US 607, 612; Messenger v Anderson, 225 US 436, 444; Telaro v Telaro, 25 NY2d 433, 437-438; Note, Successive Appeals and the Law of the Case, 62 Harv L Rev 286). Of course, it has no such "binding” force on appeal since the appellate court is not a co-ordinate, but a higher tribunal (Ragen v McCloskey, 305 NY 75, 78),
It, therefore, has at times been a source of confusion when "law of the case” terminology has been used in discussing nonreviewability of a point because an aggrieved party has failed to except to an adverse determination below. (E.g., Brown v Du Frey, 1 NY2d 190, 195-196; Buckin v Long Is. R. R. Co., 286 NY 146.) In such cases the term is a misnomer. (7 Weinstein-Korn-Miller, NY Civ Prac, par 5501.11, p 55-24). Indeed, even when no objection has been taken, our Appellate Divisions may correct errors in the exercise of their power to act "in the interests of justice” (see 4 Weinstein-Korn-Miller, NY Civ Prac, pars 4017.05, 4017.09; Misler v Hilton Int. Co., 39 AD2d 946; Alexander v State of New York, 36 AD2d 777; Rivera v W. & R. Serv. Sta., 34 AD2d 115), and the "law of the case” could hardly have less to do with it.
However, as here happened, parties to a civil litigation, in the absence of a strong countervailing public policy, may consent, formally or by their conduct, to the law to be applied *166 (see, e.g., Brady v Nally, 151 NY 258, 264; Martin v Pettit, 117 NY 118, 122; Matter of New York, Lackawanna & Western R. R. Co., 98 NY 447, 452-453; Reilly v Insurance Co. of North Amer., 32 AD2d 918; cf. General Obligations Law, § 17-103 [agreements to waive the Statute of Limitations]; Ryan Ready Mixed Concrete Corp. v Coons, 25 AD2d 530, 531; Uniform Commercial Code, § 1-105 [choice of law rules]; see, generally, comment, Waiver of Objection by Trial Conduct, 42 Neb L Rev 807).
The case before us was tried from the very beginning on the theory of actual notice, with the acquiescence, if not indeed at the affirmative request, of the city. We find no countervailing public policy here. Most municipalities have statutes which require some type of prior notification of a defective condition before they can be held liable for negligence in maintaining their streets. Some call for the actual notice rule on which the present case was tried, some the written notice rule which defendant would now like to apply belatedly, and in some cases liability may be predicated on constructive notice (19 McQuillin, Municipal Corporations, §§ 54.102, 54.108). All appear to be suitable for achieving the policy of these statutory provisions, which is not to make it more difficult for a plaintiff to prove a case but largely "to enable the city to prevent accidents by repairing or guarding defects or obstructions [in the streets], thus protecting the traveling public.” (§ 54.108, p 304.) It has, therefore, been argued that they "are to be strictly construed against the municipality.” (§ 54.108a, p 305.) Thus, even where a statute applicable to a case requires prior written notice, proof of affirmative tortious conduct on the part of a municipality will suffice. (Muszynski v City of Buffalo, 33 AD2d 648, affd 29 NY2d 810; Jagoda v City of Dunkirk, 43 AD2d 795.)
Accordingly, the order appealed from should be reversed and the matter remitted to the Appellate Division pursuant to CPLR 5613 for review of the questions of fact raised in that court.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur.
Order reversed, with costs, and the case remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein.