■ LEONA L. MARTIN, Respondent, v CITY OF COHOES, Appellant.—Ap-

peal from a judgment of the Supreme Court in favor of plaintiff, entered January 5, 1973 in Albany County, upon a verdict rendered at a Trial Term. We reversed the judgment, on the law, and dismissed the complaint (44 AD2d 864). The Court of Appeals has reversed the order entered on our decision and remitted the case to us for a review of the facts (37 NY2d 162). The sole factual issue raised by appellant upon this appeal was the contention that the proof failed to establish a basis for liability. The plaintiff testified that her shoe became wedged in a crevice between the sidewalk and a curb. There was also expert testimony that the slope of the curb downward toward the road was of an unusual degree. Such a condition is prima facie evidence of negligence and sufficient to sustain a jury finding of a dangerous defect or condition. (See *Foster v City of New York,* 6 NY2d 852, 853; *Styler v City of New York,* 303 NY 843.) Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney and Kane, JJ., concur; Reynolds, J., dissents and votes to reverse in the following memorandum. Reynolds, J. (dissenting). The proof in this case does not establish that the condition of the curb was such that liability should have been imposed on the City of Cohoes. The condition proven was insufficient to raise an issue of fact as to it being a defect and the court should have granted a dismissal of the complaint. The court charged that actual notice of the claimed defect was required but defined actual notice to the effect that one having reason to suspect, or having a knowledge of facts which should prompt inquiry, is charged with the knowledge which a reasonable inquiry would have revealed. Under the facts of this case such a charge was error and was excepted to. The law of implied actual notice (66 CJS, Notice, § 5) does not apply to the facts in this record. The only facts as to notice proven are that Commissioner DeFruscio drove by this intersection several times a day on his way to and from work, but he did not particularly notice this curb. There was no construction going on in the area and, when he passed this intersection, he was not on an inspection tour. The finding of actual notice and liability by the jury was against the weight of the evidence and the judgment should be reversed and the claim dismissed.