■ PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Administrator de Bonis Non of the Estate of LAM KWEI SHI, Deceased, Respondent, v CITY OF NEW YORK et al., Appellants.—Motion, to the extent it seeks leave to appeal to the Court of Appeals from the order of this court entered February 26, 1980 [74 AD2d 741] which unanimously affirmed the judgment, Supreme Court, New York County, entered April 5, 1979, awarding the plaintiff $100,000 plus interest after a jury trial for assessment of damages, denied. That portion of the motion which seeks reargument is granted, and upon reargument, the decretal paragraph of the order of this court entered February 26, 1980 is deleted, and in its place the order is amended to read "It is unanimously ordered that the judgment so appealed from be and the same is hereby reversed, on the law, without costs and without disburse-

ments, and the matter remanded for a new assessment of damages." Inasmuch as the damage award upon which the judgment is based was a lump-sum figure and compensated plaintiff for, *inter alia,* loss of decedent's consortium, which is no longer compensable, a new assessment is required. Although this court had held otherwise *(Ventura v Consolidated Edison Co.,* 65 AD2d 352, revd 49 NY2d 622), loss of consortium is not a compensable item of damage in a New York wrongful death action. This assessment took place after our decision in *Ventura* but before the Court of Appeals decision. We are mindful that no objection was taken to the court's instructions, but conclude that the interest of justice would be best served by a new assessment (see *Alexander v State of New York,* 36 AD2d 777, 778), inasmuch as defendant should not be obligated to pay damages to which plaintiff is not entitled. Concur—Birns, J. P., Sandler, Sullivan, Bloom and Carro, JJ.