■ EDNA LEUTZE, Respondent, v CITY OF SCHENECTADY, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (White, J.), entered September 11, 1986 in Schenectady County, upon a verdict in favor of plaintiff.

The decisive issue on this appeal is whether at trial plaintiff demonstrated sufficient compliance with section 1.7 of defendant's City Charter, requiring prior written notice of the sidewalk defect that caused her injuries as a condition precedent to the maintenance of her civil cause of action for damages.

Plaintiff, a 77-year-old woman, sustained a fractured hip with subsequent complications of pneumonia and pulmonary embolism on March 5, 1983 when she fell on an upraised portion of the sidewalk at 324 State Street in the City of Schenectady. The jury rendered a verdict in her favor in the amount of $100,000, reduced by 20% to $80,000 based on the degree of plaintiff's contributory fault. In response to the special questions submitted by Supreme Court, the jury found that defendant "had actual notice—actual knowledge of [the] defective sidewalk where [p]laintiff fell and negligently failed to correct the condition". The jury further found that the defective condition was not caused or created by improper construction of the sidewalk on defendant's behalf.

On this appeal, defendant argues the legal insufficiency of the prior notice or knowledge on which the jury's verdict is based. Significantly, defendant did not object or except to the charge as given by Supreme Court on this issue. Although plaintiff concedes that she did not provide any prior written notice of the defective condition that caused her fall, she relies on a log kept by defendant's Department of Engineering as to complaints received due to defects in defendant's sidewalks and streets, which she introduced into evidence as plaintiff's exhibit No. 6. An entry in this exhibit, dated July 25, 1979, indicates: "[telephone] call relayed from Bureau of [Services] 'dangerous sidewalk, 322 State [Street] and in front of [railroad] property' 324 State [Street]. Areas of depressed concrete and spalling. 11/26/79 and 12/11/79 notices mailed to property owners." Another entry in the same complaint log, introduced as plaintiff's exhibit No. 7, indicates a complaint received on July 10, 1981 due to a person's fall at 322 State Street, and that an inspection of that area revealed sunken

flags, and that the Bureau of Services was notified to make repairs. Further testimony revealed that repairs were made at 322 State Street following receipt of this complaint, but a look at the general area of the property at 324 State Street did not reveal any defects in the sidewalk. The property located at 324 State Street is approximately 118 feet long.

Supreme Court charged in relevant part that: "[G]enerally there is no recovery if a Statute requiring written notice to the City is not complied with [but] if you find that in this case [defendant] had actual notice of a defective condition upon its sidewalk, it was required to take action to correct that condition * * * provided it had such notice for a period of time prior to the occurrence sufficient to permit it in the exercise of reasonable care to repair the condition * * * By 'actual notice' is meant that specific information concerning the defect was brought to the attention of the municipality or its agents or employees prior to the occurrence."

Defendant took no exception to the charge, but on appeal contends that in the absence of written notice, actual notice is insufficient. Having acquiesced in the trial of this case on the theory that actual notice or knowledge constituted compliance with City Charter § 1.7, defendant cannot claim on appeal that actual notice is insufficient (see, Martin v City of Cohoes, 37 NY2d 162). The issue, therefore, is whether there was sufficient evidence in the record from which the jury could reasonably find that defendant had actual notice of the defective condition pursuant to the charge given by Supreme Court. The evidence outlined above is, in our view, sufficient to support the jury's finding. We note that defendant's knowledge of a defective condition, as shown by plaintiff's exhibit No. 6, was actual knowledge of a dangerous sidewalk on premises located at 324 State Street, the precise place of plaintiff's fall. At the very least, this and the other evidence created a question of fact as to whether defendant had actual notice as defined in the court's charge to the jury.

As to defendant's additional claim of excessiveness of the verdict, we find no merit. Considering the kind and extent of plaintiff's injuries, the complications that ensued as a probable consequence of her advanced age, her 58 days of hospitalization and 25 days in a physical rehabilitation center, as well as the pain and suffering and reduced mobility in her left leg, together with medical expenses in excess of $20,000, the verdict was clearly not excessive. The judgment should therefore be affirmed.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.