■ REINSURANCE COMPANY OF NORTH AMERICA, INC., Appellant, v SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Eugene L. Nardelli, J.), entered February 13, 1991, which denied petitioner's application to compel respondent Superintendent of Insurance, as conservator of River Plate Reinsurance Co. Ltd., to pay over $569,688.13 pursuant to CPLR 5225 and 5227, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of deeming the application to also be one for modification of the injunction order entered February 25, 1988 and granting such application to the extent of directing Supreme Court, New York County, I.A. Part 2, to forthwith schedule a hearing, upon appropriate notice to all interested parties, to determine petitioner's substantive claim that its judgment lien is not subject to avoidance by the Superintendent of Insurance as conservator under Insurance Law § 7425, and for such other relief as may be appropriate, and remanding the matter for such further proceedings, and the order is otherwise affirmed without costs.

The New York State policy is to resolve all claims against an insolvent insurer in a single liquidation proceeding, and the Supreme Court, New York County, by order of conservation entered February 25, 1988, enjoined creditors of River Plate Reinsurance Co. from bringing or further prosecuting any action at law, suit in equity, special or other proceeding against, *inter alia,* the Superintendent of Insurance, as conservator *(see, Matter of Knickerbocker Agency [Holz],* 4 NY2d 245).

Nevertheless, this Court is not bound to follow the prior

Supreme Court injunction under law of the case doctrine *(Martin v City of Cohoes,* 37 NY2d 162, 165). In the exercise of discretion under all the circumstances, we deem petitioner's application to include a request that the 1988 injunction be modified, which request we are granting to the extent of directing Supreme Court to conduct a hearing upon petitioner's long asserted substantive claim that its judgment lien, allegedly having been perfected more than four months prior to the order to show cause under Insurance Law article 74, is not subject to avoidance by the Superintendent of Insurance as conservator under Insurance Law § 7425. Upon determination of that claim, Supreme Court should grant such other relief as is appropriate under the circumstances. Concur— Sullivan, J. P., Rosenberger, Wallach, Ross and Kassal, JJ.