■ REINSURANCE COMPANY OF AMERICA, INC., Appellant, v SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, Respondent. [610 NYS2d 43] —Order and judgment (one paper) Supreme Court, New York County (Eugene Nardelli, J.), entered March 3, 1993, granting respondent Superintendent of Insurance's cross motion to dismiss petitioner's application seeking to compel respondent to pay petitioner $569,688.13 with interest pursuant to CPLR 5225 and 5227, unanimously affirmed, without costs.

In a prior appeal (183 AD2d 626), we remanded the matter for a hearing "upon appropriate notice to all interested parties, to determine petitioner's substantive claim that its judgment lien is not subject to avoidance by the Superintendent of Insurance as conservator under Insurance Law § 7425". Thereafter, the IAS Court considered the matter and ruled against

petitioner. Upon our review of the instant record, we find that the IAS Court properly determined that Insurance Law § 1314 (c) prohibited petitioner from levying on a trust fund of a judgment debtor whose $1.5 million trust fund had been subsequently transferred to respondent as conservator of said fund. Insurance Law § 1314 (c), which governs "all deposits of securities required or authorized by the provisions of this chapter" (Insurance Law § 1314 [a] [1]), provides in pertinent part that, "No judgment creditor or other claimant may levy upon any deposit or part thereof". Petitioner's contention that it has a preference that must be enforced before the claims of other creditors are honored is without merit. Petitioner failed to complete the procedures required by the trust agreement until after commencement of the period within which transfer of or lien upon the property of an insurer may be voided under Insurance Law § 7425 (a). (L 1989, ch 381, eff July 13, 1989, increasing the reach of the Superintendent in such circumstances by enlarging the voidable transfer period from 4 to 12 months is not applicable to this 1987 event.)

We have considered petitioner's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman and Ross, JJ.