◼ GENERAL ELECTRIC CAPITAL CORPORATION, Plaintiff, v HAUPTMAN REPORTING, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. LANIER WORLDWIDE, INC., Third-Party Defendant-Appellant. [700 NYS2d 752] —In an action, *inter alia,* to recover damages for breach of contract, the third-party defendant Lanier Worldwide, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 16, 1998, as

denied its cross motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the third-party complaint is dismissed.

The Supreme Court erred in denying the cross motion of the third-party defendant, Lanier Worldwide, Inc. (hereinafter Lanier), for summary judgment. The gravamen of the third-party complaint is the allegation that the defendant third-party plaintiff, Hauptman Reporting, Inc. (hereinafter HRI), leased a copier from Lanier. However, by order dated December 10, 1997, the Supreme Court granted partial summary judgment in the main action in favor of the plaintiff, General Electric Capital Corporation (hereinafter GECC), concluding, among other things, that HRI leased the copier from GECC. Although this finding is not binding on this Court as the law of the case (*see, Martin v City of Cohoes,* 37 NY2d 162), we agree and therefore see no reason to disturb it. Since Lanier made a prima facie showing of entitlement to judgment as a matter of law and HRI failed to demonstrate a triable issue of fact to defeat that showing, Lanier's cross motion for summary judgment must be granted. Bracken, J. P., S. Miller, Thompson and Friedmann, JJ., concur.