■ MELISSA J. MOSHER-SIMONS, Individually and as Administrator of the Estate of JARRETT T. ECK, Deceased, Respondent, v COUNTY OF ALLEGANY, Appellant. [732 NYS2d 771] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of defendant's mo-

tion seeking summary judgment dismissing the complaint insofar as it alleged that defendant was negligent in placing plaintiff's decedent, two-year-old Jarrett Thomas Eck, in the care and custody of Deborah L. Mosher, his maternal aunt. Mosher was convicted of manslaughter in the second degree in connection with the death of Jarrett, which occurred within weeks of his placement with her (*People v Mosher,* 222 AD2d 1059, *lv denied* 88 NY2d 851).

The court determined that it was constrained by the doctrine of law of the case to deny that part of defendant's motion seeking to dismiss plaintiff's claim for negligent placement of Jarrett with Mosher because it had not been dismissed in Federal court. The District Court, *inter alia,* dismissed the complaint against defendant except insofar as it alleged negligent placement (*Mosher-Simons v County of Allegany,* 1997 WL 662512, 1997 US Dist LEXIS 16426 [US Dist Ct, WD NY, Oct. 8, 1997, Skretny, J.]). Although the order of the District Court was affirmed, the United States Court of Appeals for the Second Circuit concluded that, because the issue of negligent placement was not decided on the merits, it need not consider the issue (*Mosher-Simons v County of Allegany,* 159 F3d 1347). Defendant contends that Supreme Court erred in determining that it was bound by the doctrine of law of the case in denying in part its motion seeking summary judgment. Even assuming, arguendo, that the court was bound by the determination of the District Court, we are not bound by that determination (*see, Martin v City of Cohoes,* 37 NY2d 162, 165, *rearg denied* 37 NY2d 817).

Jarrett came into foster care as a result of an abuse petition brought by defendant against his parents when Jarrett was six months old. Family Court determined in a subsequent proceeding against Jarrett's parents seeking termination of parental rights that Jarrett was a permanently neglected child and it suspended judgment for one year (*see,* Family Ct Act § 633). On the same day, the court continued custody of the child with defendant for one year by an order bearing the docket number of the underlying abuse proceeding and also ordered a home study based on Mosher's petition for custody of Jarrett. Over two months later, a different Family Court Judge granted Mosher's petition under Family Court Act § 651 and awarded custody to Mosher despite the existence of the order extending placement for one year and the order suspending judgment in the permanent termination proceeding. Both plaintiff and defendant consented to that order despite the fact that only three determinations were statutorily authorized upon a finding of

permanent neglect: dismissal of the petition, a suspended judgment, or commitment of guardianship and custody of the child to defendant (*see,* Family Ct Act § 631; *cf., Barnes v County of Nassau,* 108 AD2d 50). The foster parents moved to intervene in order to seek custody pursuant to Social Services Law § 383 (3) and to vacate the custody order. The court granted the motion to intervene for the limited purpose of seeking custody; amended the custody order awarding custody to Mosher by substituting "temporary custody" for "custody"; and scheduled a hearing. Jarrett was killed approximately two weeks later.

The issue before us is whether defendant can be held liable for negligence with respect to the placement of Jarrett with Mosher. We conclude that it cannot. Because defendant performed the home study in the custody proceeding at the direction of Family Court, it has judicial immunity with respect to the claim for negligent placement (*see, Hom v Reubins,* 268 AD2d 461, *lv dismissed* 95 NY2d 886). Furthermore, because defendant acted in a discretionary rather than a ministerial capacity when it issued the home study that included positive representations with respect to Mosher, defendant is immune from liability (*see, Tango v Tulevech,* 61 NY2d 34, 40-42; *see also, Haddock v City of New York,* 75 NY2d 478, 484).

We therefore modify the order by granting defendant's motion in its entirety and dismissing the complaint and denying plaintiff's cross motion in its entirety. (Appeal from Order of Supreme Court, Allegany County, Cosgrove, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Scudder and Lawton, JJ.