■ HAROLD DAVIS, Respondent, v BRANFORD ESTATES, LTD., et al., Defendants. LEONARD WORTH ASSOCIATES, Nonparty Appellant. (And a Third-Party Action.) [737 NYS2d 536] —In an action to recover damages for personal injuries, Leonard Worth Associates appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated August 16, 2001, as denied that branch of the motion of the defendants Branford Estates, Ltd., and Leonard of Delaware Limited Partnership and 117-13 Union Turnpike Corp., individually and doing business under the name Leonard Worth Associates, LLC, in which it joined, which was to stay the entry of a judgment against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to stay the entry of a judgment against the appellant is granted.

On September 21, 1996, the plaintiff allegedly was injured while on the premises located at 79-81 Worth Street, in Manhattan. On February 4, 1998, the plaintiff commenced this action against the defendant Branford Estates, Ltd., as well as against "Worth Associates, Inc., d/b/a Leonard Worth Associates." Thereafter, on July 6, 1998, the plaintiff served an amended complaint removing Worth Associates, Inc., doing business as Leonard Worth Associates, and adding, among others, Leonard of Delaware Limited Partnership and 117-13 Union Turnpike Corp., individually and doing business under the name Leonard Worth Associates, LLC.

At the conclusion of the trial on the issue of liability, the jury was asked only whether the appellant, Leonard Worth Associates, was negligent. The jury verdict was in favor of the plaintiff and against the appellant, and the plaintiff was thereafter awarded damages. The plaintiff submitted a proposed judgment naming, among others, the appellant as a judgment debtor. Subsequently, the Supreme Court denied that branch of the motion of the defendants Branford Estates, Ltd., and Leonard of Delaware Limited Partnership and 117-13 Union Turnpike Corp., individually and doing business under the name Leonard Worth Associates, LLC, in which the appellant joined, which was to stay the entry of a judgment against the

appellant on the grounds that it was not a party to the action and that Leonard Worth Associates, LLC, was a separate and distinct legal entity. We reverse.

There is no evidence in the record that the appellant either was served or appeared in the action (*cf., Martin v City of Cohoes,* 37 NY2d 162, 165). The appellant, Leonard Worth Associates, a partnership, and Leonard Worth Associates, LLC, a limited liability company, are two distinct legal entities. Accordingly, since there was no jurisdiction over the appellant, the Supreme Court should have granted that branch of the motion which was to stay the entry of a judgment against it.

In light of our determination, we need not address the appellant's remaining contentions. Goldstein, J.P., McGinity, Luciano and Crane, JJ., concur.