■ HAROLD DAVIS, Respondent, v BRANFORD ESTATES, LTD., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [760 NYS2d 517] —In an action to recover damages for personal injuries, the defendants Branford Estates, Ltd., Leonard of Delaware, Limited Partnership, and 117-13 Union Turnpike Corp., individually and doing business under the name of Leonard Worth Associates, LLC, appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated November 14, 2002, which granted the plaintiff's motion for leave to enter judgment against them.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff allegedly was injured at premises located at 79-81 Worth Street, in Manhattan. On February 4, 1998, he commenced this action against the defendant Branford Estates, Ltd., as well as "Worth Associates, Inc., d/b/a Leonard Worth Associates." Thereafter, on July 6, 1998, the plaintiff served an amended complaint removing Worth Associates, Inc., doing business as Leonard Worth Associates, and adding, among others, Leonard of Delaware, Limited Partnership and 117-13 Union Turnpike Corp., individually and doing business under the name Leonard Worth Associates, LLC.

At the conclusion of the trial on the issue of liability, the jury was asked only whether Leonard Worth Associates was negligent. The jury verdict was in favor of the plaintiff and against Leonard Worth Associates, and the plaintiff thereafter was awarded damages. The plaintiff submitted a proposed judgment naming, among others, Leonard Worth Associates as judgment debtor. Subsequently, the defendants made a motion, in which Leonard Worth Associates joined, inter alia, to stay the entry of a judgment against them. By order dated August 16, 2001, the Supreme Court granted the motion to the extent of directing that judgment be entered against Leonard Worth Associates only. By decision and order dated February 11, 2002, this court reversed the order insofar as appealed from and granted that branch of the motion which was to stay the entry of a judgment against Leonard Worth Associates. This Court determined that Leonard Worth Associates was a

distinct legal entity and that no jurisdiction was obtained over it (*Davis v Branford Estates,* 291 AD2d 428 [2002]).

Thereafter, the plaintiff once again sought to enter judgment against the appellants. The Supreme Court granted the motion. We reverse.

The record establishes that there was no jury determination as to the liability of the appellants. Under these circumstances, the entry of judgment against them is improper. Accordingly, the Supreme Court should have denied the motion for leave to enter judgment against the appellants.

In light of our determination, we need not address the appellants' remaining contention. Altman, J.P., McGinity, Luciano and H. Miller, JJ., concur.