In an action, inter alia, to recover damages for breach of an insurance contract, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Woodard, J.), entered April 18, 2007, which, upon converting the motion of the defendant United States Life Insurance Company in the City of New York pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against it into a motion for summary judgment dismissing the complaint insofar as asserted against it, granted the motion (2), as limited by their brief, from so much of an order of the same court entered December 21, 2007, as granted those branches of the motion of the defendants Arthur Rothlein, individually and conducting business as A R Agency and Arthur Rothlein Agency, and Arthur Rothlein Agency, Inc., which were for summary judgment dismissing the third and fourth causes of action insofar as asserted against them, granted the separate motion of the defendant Metropolitan Life Insurance Company for summary judgment dismissing the third and fourth causes *609 of action insofar as asserted against it and for leave to amend its answer, denied that branch of their cross motion which was for leave to amend the complaint, sua sponte, directed a hearing to determine the applicability of Insurance Law § 3214, and, upon reargument, in effect, adhered to its prior determination in the order entered April 18, 2007, granting the converted motion of the defendant United States Life Insurance Company in the City of New York for summary judgment dismissing the complaint insofar as asserted against it, and (3), as limited by their brief, from so much of an order of the same court entered January 11, 2008 as denied their motion for summary judgment on the fifth and sixth causes of action, insofar as asserted against the defendants United States Life Insurance Company in the City of New York, Arthur Rothlein, individually and conducting business under the names A R Agency and Arthur Rothlein Agency, and Arthur Rothlein Agency, Inc.
Ordered that the appeal from the order entered April 18, 2007 is dismissed, as that order was superseded by so much of the order entered December 21, 2007 as was made upon reargument; and it is further,
Ordered that on the Court’s own motion, the notice of appeal from so much of the order entered December 21, 2007, as, sua sponte, directed a hearing to determine the applicability of Insurance Law § 3214 is treated as an application for leave to appeal, and leave is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order entered December 21, 2007 is modified, on the law (1), by deleting the provisions thereof granting those branches of the motion of the defendants Arthur Rothlein, individually and conducting business under the names A R Agency and Arthur Rothlein Agency, and Arthur Rothlein Agency, Inc., which were for summary judgment dismissing the third and fourth causes of action insofar as asserted against them and substituting therefor provisions denying those branches of the motion and (2) by deleting the provision thereof, sua sponte, directing a hearing on the applicability of Insurance Law § 3214; as so modified, the order entered December 21, 2007 is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,
Ordered that the order entered January 11, 2008 is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendants United States Life Insurance Company in the City of New York and Metropolitan Life Insurance Company, payable by the plaintiffs.
*610 The Supreme Court erred in awarding summary judgment dismissing the third and fourth causes of action insofar as asserted against the defendants Arthur Rothlein, individually and conducting business under the names A R Agency and Arthur Rothlein Agency, and Arthur Rothlein Agency, Inc. (hereinafter collectively the Rothlein defendants). The Rothlein defendants failed to make a prima facie showing of entitlement to judgment as a matter of law (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Furthermore, contrary to the contention of the Rothlein defendants, the doctrine of law of the case did not apply to the determination awarding summary judgment. dismissing the third and fourth causes of action insofar as asserted against them since the issue of their liability had not been previously judicially determined (see United States v United States Smelting Refining & Mining Co., 339 US 186, 198 [1950]; Martin v City of Cohoes, 37 NY2d 162, 165 [1975]).
Furthermore, the plaintiffs are correct that the Supreme Court erred in, sua sponte, directing a hearing on the applicability of Insurance Law § 3214. Pursuant to the express terms of Insurance Law § 3214, interest upon the proceeds of a life insurance policy, such as the one at bar, “shall be paid from the date of the death of the insured . . . pursuant to the provisions of subsection c.” Subdivision (c) of that section specifically provides that “interest upon the principal sum paid to the beneficiary or policyholder shall be computed daily at the rate of interest currently paid by the insurer on proceeds left under the interest settlement option, from the date of the death of an insured or annuitant in connection with a death claim on such a policy of life insurance . . . and shall be added to and be a part of the total sum paid” (see Chipetine v William Penn Life Ins. Co., 227 AD2d 216 [1996]). Based upon the facts of the instant case, the plaintiffs were entitled to interest computed under the interest settlement option contained in the insurance policy assumed by the defendant Metropolitan Life Insurance Company and not the statutory rate of interest for the prejudgment period. No hearing was required. Thus, the matter must be remitted to the Supreme Court, Nassau County, for a calculation of the interest payable to the plaintiffs.
The plaintiffs’ remaining contentions are without merit. Rivera, J.E, Lifson, Eng and Chambers, JJ., concur.