■ BOARD OF MANAGERS OF THE 25 CHARLES STREET CONDOMINIUM et al., Respondents, v CELIA SELIGSON, Appellant. [925 NYS2d 450]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered May 13, 2010, which, inter alia, granted plaintiffs' motion for summary judgment to the extent of declaring that the resolutions adopted by plaintiff Board of Managers of the 25 Charles Street Condominium were proper and valid, except to the extent of referring the issue of charges to defendant's unit to a referee to hear and report, and resolved all other issues in favor of plaintiffs and, order, same court and Justice, entered February 24, 2011, which, upon reargument, adhered to its original determination, unanimously affirmed, without costs.

This action involves a dispute between the owners of the two units of the 25 Charles Street Condominium as to the condominium's governance. Plaintiff 25 Charles Owners Corp. (coop), a cooperative corporation, owns the residential unit, which is comprised of 30 residential apartments. Defendant owns the commercial unit, which consists of two commercial spaces.

Defendant's central argument is that a meeting that she and representatives of the coop attended on December 1, 2009, pursuant to the court's direction that plaintiffs schedule a meeting of the Board of Managers "pursuant to [the condominium's] bylaws" and that defendant "attend same and affect a quorum," was not a proper meeting of the board. This position is based on defendant's insistence that the board must first be "elected" at a meeting of unit owners in order to be properly constituted. However, the bylaws contain no such requirement, providing, instead, for the designation by unit owners of their respective representatives on the board, so long as the designated members meet certain qualifications. The bylaws also allow for the removal of board members "for cause," in which event the removed member's replacement would again be designated by the respective unit owner. This method of selecting board members is consistent with the intent behind Real Property Law § 339-v (1) (a), which requires that a condominium's bylaws provide for "[t]he nomination and election of a board of managers."

Supreme Court correctly determined that the board meeting was properly held, and accordingly, the actions of the board are protected by a rule analogous to the business judgment rule (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990]; *Auerbach v Bennett*, 47 NY2d 619, 629 [1979]). Pursuant to this rule, "absent a showing of discrimination, self-dealing or misconduct by board members, corporate directors are presumed to be acting in good faith" and judicial inquiry into the board's actions will be prohibited (*Jones v Surrey Coop.*

*Apts.*, 263 AD2d 33, 36 [1999] [internal quotation marks omitted]). The nature of the actions taken by the board in operating the property, such as hiring a managing agent and preparing an annual budget, were within the board's broad authority under the bylaws. However, inasmuch as defendant's challenges to the individual expenditures created questions of fact as to the legitimacy of the individual actions, the court appropriately referred the matter to a referee to hear and report on the issue of whether defendant owed plaintiffs any money, and if so, the amounts owed (*see* CPLR 3212 [c]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Saxe, J.P., Acosta, DeGrasse and Manzanet-Daniels, JJ.