OPINION OF THE COURT
Renwick, J.
This action involves a dispute between the owners of the two units of the 25 Charles Street Condominium, which is actually a “cond-op.” A “cond-op” is a hybrid of a cooperative (coop) and a condominium (condo). One unit, the entire residential portion of the building (consisting of coop apartments), is legally both a residential cooperative and a condominium. The second unit, the commercial space, is the other condominium. The commercial space is owned by the defendant in this action, Celia Seligson.
The 25 Charles Street Condominium was organized in 1986. Pursuant to the condominium’s declarations and bylaws, the commercial and residential units were respectively allocated 10% and 90% of the common interest in the common elements. The bylaws further provided that the board of managers of the condo shall consist of three persons, two designated by the residential unit owner (coop) and one designated by the commercial unit owner.
*132 On April 9, 2007, the two representatives from the coop held a condominium board meeting, despite the absence of the representative from the commercial unit, which was required for a quorum. At this meeting, the “board” adopted a budget for 2007 and a resolution concerning payment of arrears of common charges by the commercial unit. The board thereafter billed the commercial unit for amounts allegedly due. The commercial unit owner refused to pay them, asserting that the assessment against her was without authority and included amounts that should have been borne solely by the coop.
Subsequently, the coop and the “board” commenced this action seeking, inter alia, a declaration that the action they took at the April 9, 2007 meeting was valid. In her answer, defendant denied all substantive allegations and asserted affirmative defenses, alleging that the board was not authorized to act without defendant’s presence. After all parties were deposed, plaintiffs moved for summary judgment, asserting that defendant had refused to participate in the board and pay her share of expenses and capital contributions, totaling $282,237.06, having made no payments to the condominium since the inception of her ownership of the commercial unit.
Defendant cross-moved for summary judgment, challenging the formation of the “board,” without designating a representative of, or participation by, the commercial unit. Defendant asserted that the board could only be elected at a unit owners meeting, which had not occurred; that all prior expenses had been incurred without authority; and, that plaintiffs’ attempt to collect expenditures made over 14 years earlier were time-barred. Rather than addressing the merits of the motion and cross motion, the motion court directed the parties to schedule a board meeting.
On December 1, 2009, the meeting was held and was attended by defendant, two residential unit owners on behalf of the coop, as well as the parties’ attorneys. Before the meeting, plaintiffs provided defendant with an agenda, a proposed budget for 2010, and a breakdown of the “Commercial Unit Past Due Charges.” At the meeting, defendant objected to the validity of the meeting as being one of the “board,” asserting that the board must first be “elected” at a unit owners meeting. Defendant opposed all actions taken and was overruled by a vote of two to one on each matter, including the $282,256.58 charge for past-due expenses.
After the December 2009 board meeting, plaintiffs supplemented their motion for summary judgment. They asserted that *133 the board meeting had been held pursuant to the October 2009 order, and that defendant attended the meeting, creating a quorum. Thus, plaintiffs sought an order declaring that the board’s resolutions were proper and directing defendant to pay-monies. Defendant responded that the common expenses assessed against her were for services belonging to the coop and did not benefit the commercial unit.
The court granted plaintiffs partial summary judgment to the extent of declaring “the resolutions adopted by the Board of Managers [at the December 2009 meeting] to be proper and valid except those dealing with charges to the commercial unit which will be the subject of the hearing.” The court referred the matter to a referee “to hear and report on whether the commercial unit owes monies, and if so, how much and from what period and for what is said monies owed.” Defendant moved to reargue and renew the motion and cross motion, maintaining that the December 2009 meeting of the “board” was not held pursuant to the bylaws, as there had been no election of board members at a unit owners meeting. The court granted reargument, but adhered to its original decision.
Defendant appealed before this Court, where she resumed her argument that the meeting she and representatives of the coop attended on December 1, 2009, pursuant to the motion court’s direction, “was not a proper meeting of the board” (Board of Mgrs. of the 25 Charles St. Condominium v Seligson, 85 AD3d 515, 516 [1st Dept 2011]). This Court rejected defendant’s contention, reasoning that the designation of members to the board by the two units was sufficient as an election, even in the absence of a unit owners meeting, and finding that the bylaws do not require that the board first be elected at a meeting of unit owners in order to be properly constituted. Accordingly, this Court held that Supreme Court had “correctly determined that the board meeting was properly held, and accordingly, the actions of the board are protected by a rule analogous to the business judgment rule” (see 85 AD3d at 516). This Court further held that the “nature of the actions taken by the board in operating the property, such as hiring a managing agent and preparing an annual budget, were within the board’s broad authority under the bylaws,” but “inasmuch as defendant’s challenges to the individual expenditures created questions of fact as to the legitimacy of the individual actions, the court appropriately referred the matter to a referee to hear and report on the issue of whether defendant owed plaintiffs any money, *134 and if so, the amounts owed” (85 AD3d at 517). Accordingly, the matter was remanded to the Referee to hear and report on the allocation of common expenses to defendant’s unit.
At the end of a five-day evidentiary hearing, the Referee concluded that plaintiffs had established by a fair preponderance of the credible evidence that defendant owed $299,911.53, representing unpaid and defaulted common expenses, including capital improvements, plus interest, charged from 1994 through 2009. In reaching its conclusions, the Referee relied upon the documentary evidence presented underlying the condominium’s common charges, including years of receipts, invoices, and financial statements. The categories of expenses claimed by plaintiffs included repairs and maintenance, labor, utilities, insurance, taxes, professional services, and general and administrative services. The Referee also relied upon testimony of the condominium’s managing agent, who calculated the total amount of common expenses for each year, which was then multiplied by the commercial unit’s 10% share to calculate the amount for which defendant was responsible. The manager also calculated the amount of interest for which defendant was responsible on the past-due common expenses, utilizing the interest rate and method of calculation expressly provided for in the bylaws. Lastly, plaintiffs also presented evidence that defendant was responsible for 10% of the costs for a capital project in which the building’s roof, facades and exterior walls were inspected and repaired.
Plaintiffs then moved before Supreme Court for an order confirming the Referee’s report and granting a money judgment against defendant. Defendant opposed the motion to confirm, and cross-moved to reject it, arguing that the monies expended by plaintiffs from 1994-2009 were residential unit expenses and not condominium expenses, were never budgeted as such, and thus cannot be recouped under the governing documents. Defendant further asserted that the monies expended from 1994-2009 for capital expenses were also unbudgeted residential unit expenses, and that no interest is recoverable because no default in payment of common charges could have existed prior to the creation of a board or prior to any demand in advance of payment. The court granted plaintiffs’ motion to confirm the Referee’s report on damages. When defendant did not pay the judgment within 30 days of service of the order, a money judgment was entered against her for $342,592.36, which included the $299,911.53 set forth in the report, plus costs and statutory *135 interest through the date of entry of the judgment. Defendant pursued this appeal.
In this second appeal, defendant argues that the court erred in confirming the Referee’s report holding her responsible for unassessed common charges for the years 1994-2009. Defendant contends that the board was not authorized to retroactively charge her for monies unilaterally expended by plaintiffs without prior notice to defendant and without approval of a properly constituted board. Specifically, defendant maintains that the board’s action of billing her for purported 1994-2009 common charges was not authorized by the declaration or bylaws. While the governing documents empower the board to prepare a budget and allocate and assess common charges in accordance with that budget, since no board was constituted or budget enacted from 1994 through 2009, defendant contends that plaintiffs have no basis to recover any purported common charges from that time period.
This argument, however, was never raised before the motion court, which referred the matter to a referee to determine, in effect, whether the individual expenditures were properly allocated to the commercial unit, as benefitting such unit. Instead, as indicated, defendant initially attacked the validity of the December 2009 board meeting, which adopted the resolution in question with regard to arrears. Alternatively, defendant argued that the assessed common charges to the commercial unit were improper because the expenditures inured solely to the benefit of the coop. Defendant’s attempt to bring this new argument— that no board was constituted or budget enacted from 1994 through 2009—is barred by the law of the case given that, in the prior appeal in this case, we took a contrary position when we affirmed Supreme Court’s determination “that the [December 2009] board meeting was properly held, and accordingly, the actions of the board are protected by a rule analogous to the business judgment rule,” and referred to the Special Referee the issue of whether the individual expenditures were properly allocated to the commercial unit.
“An appellate court’s resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court . . . [and] operates to foreclose re-examination of the question absent a showing of subsequent evidence or change of law” (J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809, 809 [2d Dept 2007] [internal quotation marks, citations and alterations omitted]; *136 see Martin v City of Cohoes, 37 NY2d 162, 165 [1975]). Accordingly, based upon our prior determination of the validity of the December 2009 board meeting, defendant is now limited to challenging the individual expenditures as improperly allocated to the commercial unit rather than the coop. At the hearing, however, defendant presented no evidence refuting the documentary and testimonial evidence allocating $299,911.53 of expenditures to the commercial unit from 1994 through 2009. In any event, we find that the Referee’s findings are supported by the record, except in one limited respect, with regard to the issue of interest chargeable for late payment of common charges.
Although the bylaws authorized the assessment of interest chargeable for late payment of common charges, plaintiffs, in our view, waived the assessment of such late fees during the time period it took no steps to collect them. The bylaws provide that the board “shall take prompt action to collect any Common Charges or Unit Expenses due from the Unit Owners which remain unpaid for more than thirty (30) days from the date for payment thereof.” Nevertheless, it was not until April 2007 that plaintiffs took any steps to collect the late payment that began to accrue shortly after defendant purchased the commercial unit in December 1993. Thus, according to the bylaws, no interest accrued before the board took any action to collect them.
Accordingly, the judgment of Supreme Court, New York County (Milton A. Tingling, J.), entered June 19, 2012, awarding plaintiffs a sum of money, and bringing up for review an order, same court and Justice, entered January 6, 2012, which confirmed the Special Referee’s report on damages should be modified, on the law and the facts, to vacate the award to plaintiffs of the amount of interest for which defendant was responsible on the past-due common expenses, remand the issue for determination by the Special Referee in accordance herewith, and otherwise affirmed, without costs. Appeal from the order should be dismissed as subsumed in the appeal from the judgment.
Friedman, J.R, Acosta, Saxe and Freedman, JJ., concur.
Judgment, Supreme Court, New York County, entered June 19, 2012, and bringing up for review an order, same court and Justice, entered January 6, 2012, modified, on the law and the facts, to vacate the award to plaintiffs of the amount of interest for which defendant was responsible on the past-due common expenses, remand the issue for determination by the Special *137 Referee in accordance herewith, and otherwise affirmed, without costs. Appeal from order, dismissed, as subsumed in the appeal from the judgment.