■ In the Matter of METROPOLITAN TRANSPORTATION AUTHORITY. 196 BWAY FOOD COURT, INC., Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY, Respondent. In the Matter of METROPOLITAN TRANSPORTATION AUTHORITY. 196 BWAY KFC, INC., Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY, Respondent. In the Matter of METROPOLITAN TRANSPORTATION AUTHORITY. 196 BWAY TGI, INC., Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY, Respondent. [13 NYS3d 80]—Order, Supreme Court, New York County (Martin Shulman, J.), entered November 5, 2014, which granted three consolidated motions by condemnor Metropolitan Transportation Authority for "an order striking from [claimants'] trade fixture claims those items which became the property of DLR Properties, LLC (DLR) under the terms of the . . . leases," to the extent of

precluding claimants from offering valuation evidence as to those fixtures at trial, unanimously affirmed, without costs.

Because the relief sought by MTA was ultimately to limit evidence at trial of those fixtures which, under the terms of the leases, claimants had no right to remove from the demised premises, these were motions in limine which were timely made by MTA.

A reading of the plain terms of the leases, most particularly article 54 (B) thereof, indicates that claimants were not entitled to remove from the demised premises existing fixtures, furniture or new furniture, and were only entitled to remove their "movables." Thus, to the extent claimants seek just compensation related to fixtures they had no right to remove from the premises at the expiration of the leases, those claims are precluded under the lease and claimants were properly precluded from submitting evidence at trial with respect thereto (*accord Matter of City of New York [G & C Amusements]*, 55 NY2d 353, 359 [1982]).

Contrary to claimants' arguments, the motions were not barred by the law of the case doctrine (*Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]). Concur—Tom, J.P., Andrias, Feinman, Gische and Kapnick, JJ.