Bullard v Sheffer (2022 NY Slip Op 03963)

Bullard v Sheffer

2022 NY Slip Op 03963

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Renwick, J.P., Manzanet-Daniels, Kern, Mazzarelli, Shulman, JJ. 

Index No. 1100/13/E&F Appeal No. 16152 Case No. 2021-04116 

[*1]In the Matter of Horace Bullard, Deceased.
Jasmine Bullard, Petitioner-Appellant-Respondent,
v
Peter Sheffer, Respondent-Respondent-Appellant. File No.

Smith Legacy Law, LLC, Rye (Katherine Vance Hynes of counsel), for appellant-respondent.
Medico & Associates, LLC, Port Chester (Anthony J. Medico of counsel), for respondent-appellant.

Order, Surrogate's Court, Bronx County (Nelida Malave-Gonzalez, S.), entered on or about September 24, 2021, which, to the extent appealed from as limited by the briefs, denied both petitioner's motion for summary judgment on her amended petition to disallow respondent's claims against the estate and respondent's motion for summary judgment as to liability on his contract claim, unanimously modified, on the law, to grant petitioner's motion dismissing respondent's contract claim to the extent it is based on oral agreements or modifications and his quantum meruit claim in its entirety, and to grant respondent summary judgment as to 5% of the net proceeds from (a) the sale of the Shore Theater, (b) the condemnation of part of the Thunderbolt property, and (c) any future sale, joint venture development, and/or long-term lease of the remainder of the Thunderbolt property, and otherwise affirmed, without costs.
Preliminarily, we reject respondent's contention, that the Surrogate's earlier, not appealed, order denying petitioner's CPLR 3211 motion, is law of the case. First, the standards on a CPLR 3211 motion and a summary judgment motion differ. Second, law of the case applies only to courts of coordinate jurisdiction, and an appellate court is not a coordinate tribunal (see Martin v City of Cohoes, 37 NY2d 162, 165 [1975]).
Contrary to petitioner's contention, the agreement described in the September 2011 letter signed by decedent is definite enough to be enforceable. While the contract's terms did not impose upon petitioner an absolute duty to sell at any particular time, there can be no doubt that the decedent, petitioner's father, intended an honest effort would be made to procure a sale within a reasonable time, which imposed an implied duty on petitioner to sell within a reasonable time if an opportunity arose (see Simon v Etgen, 213 NY 589, 592-594 [1915]).
We also reject petitioner's contention, raised in the reply brief, that the letter is not an enforceable contract because it lacks mutuality of obligation. On the contrary, the letter, signed by decedent, describes the consideration, namely, the services that respondent had performed for decedent's company in the past (see General Obligations Law § 5-1105; see also Curtis Props. Corp. v Greif Cos., 212 AD2d 259, 265-266 [1st Dept 1995] ["The courts avoid an interpretation that renders a contract . . . nenforceable for lack of mutual obligation and prefer to enforce a bargain where the parties have demonstrated an intent to be contractually bound" (internal citation omitted)]).
In addition, we reject petitioner's contention that respondent's claim is barred because he is not licensed as a real estate broker or salesman. As Surrogate's Court properly found, the record establishes that respondent's services were not limited to those that can only be performed by a licensed real estate broker.
For the foregoing reasons, Surrogate's Court should have granted respondent's motion for summary [*2]judgment as to liability on his contract claim. Contrary to the Surrogate's finding, there is no "question of fact as to whether the decedent intended himself to be bound by the" 2011 letter. The deposition testimony of two witnesses whose trial testimony would not be barred by the Dead Man's Statute (CPLR 4519) shows that decedent intended to be bound. Moreover, the letter that decedent signed is itself evidence that he "intended to enter into a valid contract" (Curtis Props., 212 AD2d at 266).
We reject petitioner's contention that, even if the agreement is enforceable, it bound only decedent. It is true that the letter says, "5% of the actual proceeds to me." However, under the circumstances of the execution of the agreement by two nonlawyers, it is reasonable to interpret "5% of the actual proceeds to me" to mean "5% of the net proceeds received by Kansas Fried Chicken and Wantanabe." First, as petitioner herself states, Kansas Fried Chicken, Inc. and Wantanabe Realty Corp. owned the properties. Second, decedent signed the letter as Chairman of Coney Island Resorts, Inc. and Wantanabe. Third, respondent submitted emails showing that when he and decedent were negotiating the agreement, one of the issues was whether respondent was entitled to a percentage of gross or net proceeds. The Court of Appeals has pointed out, "Contracting parties are often imprecise in their use of language" (166 Mamaroneck Ave. Corp., 78 NY2d at 91; see also Sutton v East Riv. Sav. Bank, 55 NY2d 550, 555 [1982]).
Petitioner's contention that respondent is not entitled to 5% of the payment made by the City of New York for taking part of the Thunderbolt property is also unavailing. Although the letter says respondent has "a 5% interest of the . . . proceeds . . . from the sale or joint venture development and/or long term lease of . . . the Thunderbolt and Shore Theater properties," "condemnation is a forced sale that places the State and the claimant in the position of vendee and vendor" (Matter of City of New York [Kaiser Woodcraft Corp.], 11 NY3d 353, 361 [2008]).
We grant petitioner summary judgment dismissing so much of respondent's contract claim as based on oral agreements or modifications; in opposition to petitioner's motion and on appeal, he specifically and repeatedly disclaims reliance on such. Similarly, as respondent concedes, his quantum meruit claim should be dismissed if his contract claim is upheld. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022